UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-1-02-157-3 |
| | : | |
| v. | : | **PLEA AGREEMENT** |
| | : | |
| STEVEN RENNICK, SR. | : | J. Dlott |

- - - - - - - - - - - - - - - - - - - - - -

It is hereby agreed between Steven Rennick, Sr., individually, and through his attorney, William R. Gallagher, and the United States of America, by and through Robert C. Brichler, Assistant United States Attorney for the Southern District of Ohio, as follows:

1. The defendant shall enter a plea of guilty to Count 1 of the Indictment filed against him, charging him with conspiracy to distribute in excess of 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b)(1)(B).

2. The defendant understands that the punishment prescribed by law for the offense charged in Count 1 of the Indictment is a mandatory minimum of 5 to 40 years in prison, a fine of up to $2,000,000.00, a 4 year term of supervised release, and a $100.00 special assessment.

3. In return for said plea of guilty and contingent upon the defendant's admission of guilt, the United States Attorney

for the Southern District of Ohio agrees to dismiss the remaining counts of the Indictment.

4.  The government agrees to recommend to the Court that the base offense level for purposes of the federal sentencing guidelines is level 26. This recommendation is based upon the defendant's involvement with in excess of 100 kilograms of marihuana. By signing this plea agreement the defendant agrees and admits to said involvement. It is further recommended that the defendant be given a 3 point reduction for acceptance of responsibility.

5.  The government agrees to file, upon the defendant's substantial assistance, a motion with the court for a downward departure from the guideline sentence, stating that the defendant has made a good faith effort to provide substantial assistance in the investigation and prosecution of other persons who have committed offenses. The filing of such motion shall be in the sole discretion of the United States Attorney for the Southern District of Ohio. If such a motion is filed, the defendant understands that it is not binding on the court. Such a motion is authorized by § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). If such motion is filed it will be in reliance on the defendant's continued cooperation. If the defendant should later refuse to testify the government may, at the governments' option, petition the court to set aside the

defendant's sentence and sentence him without a downward departure or seek to set aside the defendant's plea and reinstate the Indictment.

6. The defendant understands that the Probation Department will conduct a pre-sentence investigation and will recommend to the Court a sentencing guideline range. The defendant understands that the Probation Department's recommendations are not binding on the Court and the terms of this Plea Agreement are not binding upon the Court or Probation Department. The defendant understands that if the Court does not follow the recommendations contained in this plea agreement, he does not have the right to withdraw his plea of guilty.

7. The defendant understands that there is no agreement concerning his ultimate sentence. The defendant could receive the maximum penalty provided by law.

8. Prior to or at the time of sentencing, the defendant will pay to the Clerk of the United States District Court a special assessment in the amount of $100.00 as required by Title 18, United States Code, Section 3013.

9. This is the entire Plea Agreement. There are no other provisions or understandings.

 

GREGORY G. LOCKHART
United States Attorney

8-18-03
DATE

ROBERT C. BRICHLER
Assistant U.S. Attorney

8/18/03
DATE

STEVEN RENNICK, SR.
Defendant

8/18/03
DATE

WILLIAM R. GALLAGHER
Attorney for Defendant

4