UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

2004 DEC 15 PM 12:26

| | |
|---|---|
| STEVEN RENNICK, SR. | )<br>) |
| Movant/Defendant | ) Case No.: CR-1-02-00157<br>) |
| vs | ) Hon. Judge Susan J. Dlott<br>) |
| UNITED STATES OF AMERICA | ) U.S. District Court Judge<br>) |
| Respondent | )<br>) |

MOTION TO REINSTATE RIGHT TO DIRECT APPEAL

PURSUANT TO RULE 4(b) FEDERAL RULES APPELLATE PROCEDURE

Comes the defendant, Steven Rennick, Sr., pro se, and moves this court for an order reinstating defendant's right to direct appeal beyond the statutory time peirod and in support defendant states as follows:

As a preliminary matter, the defendant avers that he is not an attorney; has no legal or professional training pertaining to the preparation and filing of legal motions or memorandums. The defendant seeks notice of such limitations and prays this court to construe his pleadings liberally in light of the Supreme Court holding in Haines v Kerner, 404 U.S. 519, 30 L.Ed.2d 652 (1972); Cruz v Beto, 405 U.S. 319, (1972); Lawler v Marshall, 898 F.2d 1196 (6th Cir 1990); Hill v U.S., 268 U.S. 424, 430 (1984. The

allegations and averments in a pro se pleading must be taken as true and construed in favor of the defendant. See <u>Malone v Colyer</u>, 710 F.2d 258, 260 (6th Cir 1983).

## CASE HISTORY

On October 16, 2002, defendant was arrested on multiple counts charging various violations of 21 USC §§ 846 and 841(a)(1) and (b)(1)(B) all dealing with possession with intent to distribute marijuana. On August 19, 2003, defendant entered a plea purusant to a written plea agreement to Count One with conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21 USC §§ 846 and 841(a)(1A) and (b)(1)(B).

On January 28, 2004, the defendant was sentenced by this court to a sentence of 63 months in the custody of the Bureau of Prisons.

## DEFENDANT'S RIGHT TO DIRECT APPEAL WAS FORECLOSED BY THE DISTRICT COURT CLERK'S FAILURE TO FILE NOTICE OF APPEAL

Defendant was represented at plea and sentencing by private counsel, William R. Gallagher.

At sentencing the court formally imposed the sentence snd then informed the defendant of his rights to appeal his sentence and conviction. The court concluded the notice of appellate rights by stating:

"If you request, Mr. Rennick, I'll order the Clerk
of the Court to file your notice of appeal immediately
after the judgement is filed, and, if not, Mr. Gallagher,
will you protect the rights of the defendant?"
[Exhibit One - Sentencing Transcript pg 20 ln 1-4].

Defendant's counsel responded that he had already discussed with the defendant the potential outcomes of the sentencing hearing and that defendant would like to appeal. After giving the court the verbal notice of intent to appeal the following exchange took place:

```
"THE COURT:   And are you going to be responsible for
              filing it, or do you want the Clerk?
GALLAGHER:    Judge, if the clerk would.  I don't know
              what the financial situation is going to
              be from this point forward ... But either
              new counsel is either going to be appointed
              or retained to pursue it.
THE COURT:    All right.  That's fine."  [ID ln 8-15].
```

Clearly defendant's counsel made clear the defendant wanted to appeal; that the clerk was to file the notice of appeal; and defendant's counsel would not be handling the appeal.

A review of the docket indicates no notice of appeal was ever filed. This fact was only recently discovered by the defendant.

Immediately after the sentencing the defendant observed the sentencing of his co-defendant who was represented by attorney Kenneth L. Lawson II. Attorney Lawson actual addressed the court regarding defendant's attempted cooperation and successfully obtained a reduction udner USSG § 5K1.1 for his client on the basis of a proposition that his client persuanded the defendant to try and cooperate. The defendant was so impressed that he hired attorney Lawson to handle his appeal. Attorney Lawson filed

appearance on 1/29/04 [Docket #148].

In the weeks and months following the sentencing, the defendant was preoccupied with serious medical problems and recovering from gunshot wounds he sustained while attempting to provide substantial assistance to the government. (The defendant only recently obtained evidence and a statement from an eyewitness identifying Detective John Mercado as one of the two men responsible for shooting him).

The defendant remained on bond pending self-surrender based in part on his medical and mental health problems. On 1/29/2004 defendant, through counsel, filed a Motion for Reconsideration [Docket #149] and on 2/10/2004 defendant filed a Motion to Withdraw Plea of Guilty [Docket #162]. During all this time the defendant was under the impression an appeal was being agressively pursued.

The defendant self-surrendered to the Federal Medical Center in Lexington, KY, on 5/28/2004. The defendant was told by his counsel that he was very busy and was also ill and would not file anything until September.

As the time grew near, the defendant began to grow impatient and his family made inquiry as to the status of the appeal and the possibility of a bond pending appeal. Attorney Lawson advised that there would be no appeal as no notice was ever filed. He advised he would file a 500+ page motion pursuant to 28 USC § 2255 to challenge the plea and sentence. He said it would take more time

as he was suffering from A.L.S., more commonly known as Lou Gehrig's Disease, a fatal motor neuron disease.

The defendant then sought to get new counsel to try to appeal his case. He retained John Paul Rion of Dayton, Ohio, who after review said an appeal was now time barred and a § 2255 motion would be the last resort. Counsel made this decision without benefit of review of the sentencing transcript.

On December 8, 2004, the defendant received, for the first time, a transcript of his sentencing hearing, which was just recently transcribed. The transcript, as indicated above, clearly establishes this court knew of defendant's desire to appeal and this court agreed to have the Clerk file the required notice, which was not filed as instructed.

The failure to file notice of appeal is not attributable to the defendant. The defendant prays this court to grant defendant's motion and allow him to take Direct Appeal of his sentence and conviction as there are genuine issues to appeal.

Respectfully submitted,

*Steven Rehnick, Sr.*
Steven Rehnick, Sr.
#04050-032  HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

## CERTIFICATE OF SERVICE

I, Steven Rennick, attest the foregoing was deposited, postage pre-paid, into the prison legal mail box, addressed as set forth below, on this ____ , day of December 2004.

Clerk of the Court
U.S. District Court
Southern District of Ohio
U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

Robert C. Brickler, AUSA
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

Steven Rennick, Sr.
#04050-032