IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Steven Rennick, Sr., | : | |
| | : | Case No. CR-1-02-157 |
| Petitioner | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | |
| United States of America, | : | ORDER |
| | : | |
| Respondent | : | |

This matter is before the Court on Petitioner's Motion to Reinstate Right to Direct Appeal Pursuant to Rule 4(b) Federal Rules Appellate Procedure (doc. #191). Petitioner Steven Rennick, Sr. asserts that a notice of appeal was not filed on his behalf within the statutory time period due to the neglect of his legal counsel and/or oversight of the clerk of courts. For the reasons that follow, the Court **DENIES** Petitioner's motion, but will permit Petitioner to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 within 90 days of the date of this Order.

**I.    BACKGROUND**

On August 19, 2003, Petitioner pleaded guilty to conspiracy to distribute in excess of 100 kilograms of marijuana. (Doc. #103.) On January 28, 2004, this Court sentenced Petitioner to a term of imprisonment of 63 months followed by four years of supervised release. (Doc. #188 at 14, 16.) Petitioner was represented by William R. Gallagher, Esq. at his sentencing hearing. The following conversation took place between the Court and Mr. Gallagher at the hearing concerning Petitioner's right to appeal his sentence:

> THE COURT: Let me tell you about your rights on appeal. Both parties are notified by the Court that you have a right to appeal this sentence. . . . You

>are further advised that, in accordance with Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the clerk of the United States District Court, within ten days of the filing of the judgment. The Court does advise you that, if you request, the clerk of the Court will prepare and file immediately the notice of appeal on your behalf. . . . If you request, Mr. Rennick, I'll order the clerk of courts to file your notice of appeal immediately after the judgment is filed, and, if not, Mr. Gallagher, will you protect the rights of the defendant?
>
>MR. GALLAGHER: Judge, I will. I have already spoken to Mr. Rennick about the potential outcomes of the sentencing hearing. He would like to appeal.
>
>THE COURT: And are you going to be responsible for filing it, or do you want the clerk?
>
>MR. GALLAGHER: Judge, if the clerk would. I don't know what the financial situation is going to be from this point forward because of the forfeiture proceedings that are engaged in the state court. But either new counsel is going to be appointed or retained to pursue it.
>
>THE COURT: All right. That's fine.

(Doc. #188 at 19-20.) The clerk of courts, however, did not file the notice of appeal on Petitioner's behalf. The statutory deadline for filing a notice of appeal passed on or about February 9, 2004. See Fed. R. App. P. 4(b).

Petitioner retained Kenneth L. Lawson, II, Esq. to represent him after the sentencing hearing on January 29, 2004. (Doc. #148.) Mr. Lawson filed multiple motions on Petitioner's behalf, including motions for reconsideration, to withdraw the plea of guilty, and to stay execution of his sentence (docs. ##149, 162, 166), but he did not file a notice of appeal. Petitioner asserts in his *pro se* brief that he believed that an appeal was being pursued during this time. Petitioner states that he first learned in September 2004 that an appeal had not been filed. Thereafter, Petitioner was told by both Mr. Lawson, and then by John Hayes Rion, Esq., a new attorney he retained, that his appeal rights had passed and that he would have to pursue relief by

filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

The transcript from Petitioner's sentencing hearing was docketed on December 3, 2004. (Doc. #188.) After reviewing the sentencing transcript for the first time, Petitioner filed this *pro se* motion on December 14, 2004 seeking reinstatement of his appeal rights.

## II.    ANALYSIS

The Court is required by the Federal Rules of Criminal Procedure to advise a defendant who has pleaded guilty of his rights (1) to appeal his sentence, (2) to ask for permission to appeal *in forma pauperis*, and (3) "[i]f the defendant so requests, [to have the clerk] immediately prepare and file a notice of appeal on the defendant's behalf." Fed. R. Crim. P. 32(j). The Supreme Court has instructed that "[t]rial judges must be meticulous and precise in following each of the requirements of Rule 32 in every case." Peguero v. United States, 526 U.S. 23, 27 (1999). A violation of Rule 32 is grounds for collateral relief if the defendant is prejudiced by the court's error. See id. at 27-30.

The Court has found only one other case in which a petitioner alleges that the district court clerk failed to file a notice of appeal upon request in violation of Rule 32(j)(2). See United States v. Hirsch, 207 F.3d 928 (7th Cir. 2000). As the Hirsch court explained, a district court does not have the authority under the Federal Rules of Criminal Procedure or Rule 4(b) of the Federal Rules of Appellate Procedure to extend the time period by which a notice of appeal may be filed by more than 30 days. See id. at 930 (explaining Fed. R. App. P. 4(b)(4)). Rather, an allegedly aggrieved petitioner, like Petitioner Rennick here, must pursue relief for the clerk's error by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See id. at 931. If Petitioner can establish that his constitutional rights were violated, then this

Court must vacate the judgment against Petitioner and reimpose his sentence so that Petitioner can file a timely appeal. See id. at 931.[1]

Accordingly, the Court will permit Petitioner to file a motion pursuant to 28 U.S.C. § 2255 within 90 days of the date of this Order. Petitioner should address specifically in his motion whether the motion has been timely filed, and if not, on what grounds the limitations period should be equitably tolled.[2] Petitioner also should address specifically all grounds for relief from the conviction or sentence he seeks to challenge.

Attached hereto as Exhibit A is a standard form for a motion under 28 U.S.C. § 2255. The Court directs Petitioner's attention to paragraph 6 of the instructions listed on the first page of the standard form wherein he is instructed as to how to request to proceed *in forma pauperis*

---

[1] Courts have afforded this same relief to petitioners pursuant to § 2255 motions when their defense counsel failed to file a timely appeal despite specific instructions to do so by the petitioners. See e.g., Rosinski v. United States, 459 F.2d 59, 59 (6th Cir. 1972) (vacating, then reinstating, petitioner's sentence so that he could file a timely appeal); United States v. Forsythe, 985 F. Supp. 1047, 1051 (D. Kan. 1997) (same).

[2] The one-year limitation period for § 2255 is not jurisdictional and it is subject to equitable tolling. See Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Courts examine the following five factors to decide whether to apply equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008-09. Generally, reliance on an attorney or on an attorney's mistaken advice is not grounds for equitable tolling. See Allen v. Yukins, 366 F.3d 396, 403-04 (6th Cir. 2004) cert. denied 125 S.Ct. 200 (2004); Jurado v. Burt, 337 F.3d 638, 643 (6th Cir. 2003). However, one district court equitably tolled the filing period when a petitioner's attorney did not inform him that his state appeal had been decided until after the deadline for filing his habeas petition. See Erwin v. Elo, 130 F. Supp. 2d 887-90 (E.D. Mich. 2001). The petitioner in Erwin learned his state appeal had been decided only after he inquired to the state court about the status of his appeal. See id.

(as a poor person) so that an attorney may be appointed to him. Upon filing of Petitioner's § 2255 motion, the United States will be served with notice to answer or otherwise plead pursuant to Rules 4(b) and 5 of the Rules Governing Section 2255 Proceedings.

### III.    CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to Appellate Rule 4(b) (doc. #191) is **DENIED.** Petitioner is permitted to file a motion pursuant to 28 U.S.C. § 2255 as set forth above within 90 days of the date of this **ORDER**. Nothing herein shall be construed as a finding as to the timeliness or merits of a § 2255 motion.

IT IS SO ORDERED.

       s/Susan J. Dlott
       Susan J. Dlott
       United States District Judge