

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

)
STEVE RENNICK, SR.                    )
                                      )
        Movant/Defendant              )     C-1-05-00050
                                      )
    vs                                )     CR-1-02-157-3
                                      )
UNITED STATES OF AMERICA              )     Hon. Susan J. Dlott
                                      )
        Respondent                    )     U.S. District Judge
                                      )

MEMORANDUM ADDENDUM TO

DEFENDANT'S MOTION PURSUANT

28 USC § 2255

Comes the defendant, Steve Rennick, Sr., pro se, and does

Supplement by Addendum his Motion to Vacate, Set Aside, or Amend

his sentence pursuant to 28 USC § 2255 and does state as follows:

FIRST ADDENDUM ISSUE

DEFENDANT'S DUE PROCESS AND APPELLATE RIGHTS

WERE DENIED BY THE COURT"S FAILURE TO

FILE NOTICE OF APPEAL AND BY DEFENSE

COUNSEL'S INEFFECTIVE ASSISTANCE IN NOT

PROTECTING DEFENDANT'AS SUBSTANTIVE RIGHTS

-1-

On December 14, 2004, defendant filed a motion seeking to restore his right to take a direct appeal based on defendant's new discovery that his appellate rights were denied him by (1) the Court Clerk's failure to file defendant's notice of appeal as requested by the defendant at sentencing; and (2) defendant's post conviction attorney's failure to file said notice or at least determine whether or not such notice was filed.

The court responded by order and openly acknowledged "The Clerk of Courts, however, did not file the notice of appeal on Petitioner's behalf." (Court Order, undated at pg 2).

In this instant matter the court properly advised the defendant of his right to appeal and his right to proceed in forma pauperis, and further advised defendant that the clerk would be directed to file the notice of appeal all pursuant to Fed R. Crim P. 32(j) (see DE 188 at 19-20). The defendant, through counsel, requested the court to order the clerk to so file said notice and the court affirmatively responded. While the court fulfilled its responsibility on the one hand; the court readily concedes that the clerk's failure is a violation of Rule 32(j)(2).

The court is also correct in its determination that the court's ability to extend time to correct this matter is limited to thirty days pursuant to Fed. R. Crim. P.32 and Fed. R. App. P. 4(b)(4) and, therefore, the defendant is required to seek alternanative manners of relief.

The court directed the defendant to United States v. Hirsh,

-2-

207 F.3d 928 (7th Cir. 2000).  In Hirsh the clerk also failed to file the notice of appeal and Hirsh's counsel failed to verify the filing of said notice.  The court in Hirsh allowed the appeal to be filed under a theory that "what should have been done will be treated as done."

Unfortunately for Hirsh the U.S. Court of Appeals for the Seventh Circuit disagreed with the court's remedy and was reluctantly forced to dismiss the appeal.  While the appeal was dismissed, Hirsh was given a new avenue for remedy, the Appellate Court found: "He may now file a motion under 28 USC § 2255, contending that Forsyth's failure to ensure that the clerk followed through deprived Hirsh of the assistance of counsel guaranteed by the 6th Amendment.  [ ] If the district court finds that Forsyth was asleep on the job, then the court must vacate the judgment and reimpose the sentence to permit an appeal."  Id at 931.

On the very day of sentencing, after the defendant requested the clerk file the notice of appeal, the defendant was approached by Attorney Kenneth L. Lawson, II, who represented co-defendant Matthew Elliot.  Attorney Lawson regaled the defendant with the poor performance his present attorney, William Gallagher, had done. He told the defendant that he would like to handle defendant's appeal and needed to start right away.  The defendant was easily manipulated and engaged Lawson before leaving the courthouse.  The defendant paid a large retainer and merely relaxed in the assurance that his appeal was underway.

Months passed and with the exception of several more requests for additional monies by Attorney Lawson, nothing was ever shown the defendant concerning his appeal. As the time neared for the defendant to enter prison the defendant begain to press Lawson on the appeal and was always put off with various excuses. Finally, in disgust the defendant hired new counsel in September 2004 who informed him no record of an appeal could be located.

The defendant then started to gather information on his own in order to be involved with his own destiny. In December 2004 the defendant discovered that the transcripts of his sentencing and the sentencings of his co-defendants had never been transcribed, indicating his newest attorneys also failed to even review the key elements pertaining to post conviction relief. The defendant now represents himself with only the assistance of "jail house lawyers."

Defense counsel Lawson had a specific duty and obligation to file or confirm filing of a timely notice of appeal. While it is true that Lawson was in the courtroom when the defendant instructed the clerk to file the notice; Lawson was not representing the defendant at that time. Inasmuch as Lawson was hired solely for the direct appeal, he surely bore the burden of making sure defendant's appellate rights were preserved.

There is only limited authority on this subject with best instruction found in Roe v. Flores-Orgega, 528 U.S. 470, 145 L.Ed. 2d 985, 120 S.Ct. 1029 (2000) in which the Supreme Court held the

two prong test in for effective assistance of counsel as held in
<u>Strickland v. Washington</u>, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct.
2052 (1984) was the proper form of inquiry.

In the <u>Roe</u> court the basic decision dealt with a situation
where the defendant's instructions were not specifically known.
This is not the case here where the defendant and his trial coun-
sel announced the defendant's desire for an appeal and for the
clerk to file the notice on the record at sentencing. It has long
been held that a lawyer who disregards specific instructions from
the defendant to file a notice of appeal acts in a manner that is
professionally unreasonable. See <u>Rodriguez v. United States</u>, 395
U.S. 327, 23 L.Ed.2d 340, 89 S.Ct. 1715 (1969) cf. <u>Peguero v.
United States</u>, 526 U.S. 23, 28, 143 L.Ed.2d 18, 119 S.Ct. 961
91999)("[w]hen counsel fails to file a requested appeal, a defen-
dant is entitled to [a new] appeal without showing that his ap-
peal would likely have had merit.").

In <u>Roe</u> supra 995, it was further held that counsel's failure
to file the notice of appeal cannot be considered a strategic de-
cision. The filing is a purely ministerial task and the failure
to file reflects inattention to the defendant's wishes.

In the case at bar the defendant informed the court of his
desire to appeal. The court inquired as to whether his counsel,
William Gallagher, would "protect the rights of the defendant?"
He assured the court he would and then asked the court to have the
clerk file the notice of appeal. There is no question that

-5-

Attorney Gallagher retained the obligation to follow up and verify that the notice was filed.

There can also be no question that the hiring of Attorney Lawson to litigate defendant's appeal obligated him to file the notice of appeal or verify the clerk's filing.

The performance by both attorneys in failing to follow the defendant's explicit instructions is professionally unreasonable and without question satisfies the first prong of the <u>Strickland</u> test. The defendant is left only with the need to demonstrate prejudice.

In this case the defendant's constitutional right to direct appeal was denied by counsel's substandard, ineffective assistance. The failure to preserve the direct appeal was nothing more than a blatant failure to represent the defendant. "The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" <u>United States v. Cronic</u>, 466 U.S. 648, 649, 80 L.Ed.2d 657 104 S.Ct. 2039.

By counsel's failure to preserve direct appeal the defendant is limited to collateral attack, which forecloses certain issues and requires the burden of plain error on others. A good example is found in that had the defendant been on direct he would have automatic consideration of issues raised in <u>United States v. Booker</u>, 543 U.S. ____ (2005)(No. 04-105) and <u>Blakely v Washington</u>, 124

S.Ct. 2531 (2004); both of these cases impact the defendant to the extent that his sentence was enhanced by matters not supported by his plea. Clearly this example alone demonstrates prejudice resulting from counsels' ineffectiveness in their assistance.

The defendant was entitled to a direct appeal, he informed the court of his desire and intention on the record. The defendant was represented by two prominent private attorneys who both failed to provide the acceptable and reasonable level of effective assistance by their failure to file and/or verify the clerk's filing of a notice of appeal.

For all the reasons set forth above, the defendant prays this court to vacate the defendant's judgment and reimpose defendant's sentence, thereby providing the defendant a right to file a direct appeal.

## SECOND ADDENDUM ISSUE

### DEFENDANT'S 5th AMENDMENT IS CONTINUING TO BE DENIED AS THE RESULT OF THE COERCIVE THREATS MADE BY THE PROSECUTOR ARISING TO LEVEL OF MISCONDUCT AND OBSTRUCTION

Subsequent to the filing of the defendant's motion, pursuant to 28 USC § 2255, the defendant, by and with the assistance of friends and family, presented information to Cincinnati Police Chief Stricker. This information included the defendant's statement accusing Detective John Mercado of being present when the

defendant was shot.

Detective Bob Randolph was assigned to investigate the matter for the Cincinnati Police Department.  He talked with several family members and friends and constantly referred to his copy of the § 2255 motion.

Detective Randolph became indignant and informed family members that he felt there was no real case.  He never met with the defendant to get information from the source.  He finally threatened family members by stating; "AUSA Brickler told me to tell you, [a family member], that if Steve does not withdraw his § 2255 then he [Brickler] will indict the entire family."  [Transcripts of phone calls currently in preparation].

It is readily apparent that defendant's "fictional plea" and defendant's shooting while operating as a confidentail informant are matters the government does not want to discuss, but it should be known that this defendant intends to pursue justice in this matter.

SUMMARY

The rules governing a § 2255 motion require a defendant to raise every issue.  This means that in order to file this motion to obtain a direct appeal, the defendant must raise all issues and defendant has done so.  The defendant prefers a direct appeal and  is entitled to such.  The defendant filed his § 2255 to comply with the time limitations and did so prior to knowing he could

-8-

obtain same. The court, therefore, should vacate and reimpose
sentence which would allow the defendant to proceed on direct ap-
peal. If the court does so; then all other issues should be dis-
missed without prejudice pending the results of the direct appeal
at which time defendant could raise the issues if needed.

                                        Respectfully submitted,

                                      *Steve M Rennick Sr.*

                                      Steve Rennick, Sr.
                                      Defendant, Pro Se
                                      #04050-032   HCU
                                      Federal Medical Center
                                      P.O. Box 14500
                                      Lexington, KY 40512

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 22nd day of February 2005, by regular mail, on Robert C. Brickler, AUSA, 221 East 4th Street, Suite 400, Cincinnati, OH 45202.

February 22, 2005

*Steve M Rennick Sr.*
Steve Rennick, Sr.
#-04050-032   HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512