UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEVE RENNICK, SR., | : | C-1-05-0050 |
| | : | CR-1-02-157-3 |
| Petitioner, | : | |
| | : | **UNITED STATES' RESPONSE TO** |
| | : | **PETITIONER'S MOTION TO** |
| v. | : | **VACATE, SET ASIDE, OR** |
| | : | **CORRECT SENTENCE PURSUANT** |
| | : | **TO 28 U.S.C. § 2255** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | J. Dlott |

- - - - - - - - - - - - - - - - - - - - - - -

Petitioner has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This Court has ordered the United States to respond. The United States responds by stating that petitioner's stated grounds I through IV are without merit and should be denied. However, petitioner's ground V should be granted for the sole purpose of reimposing his sentence so that he may take a direct appeal. Our arguments and legal authority follow.

### Cause For Petitioner's Detention

The petitioner was indicted by a federal grand jury on November 6, 2002 and charged in Count 1 with conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. § 846 and § 841(a)(1) & (b)(1)(B). The indictment was superseded on March 5, 2003, however, Count 1 contained the same charge.

On August 18, 2003, the petitioner entered a plea of guilty to that charge.  A presentence report was prepared, and the petitioner was sentenced on January 28, 2004 to 63 months in prison.  Although petitioner requested the Clerk to file a notice of appeal, it was never filed.  Therefore, no direct appeal was taken.  This petition was timely filed on January 26, 2005 within the one year limitation by law.

**Petitioner's Grounds For Relief**

The petitioner has alleged five separate grounds for relief.

I.   His plea was not voluntary.

II.  He received ineffective assistance of counsel.

III. The United States breached its plea agreement.

IV.  The Court erred by failing to grant petitioner's motion for a downward departure.

V.   His right to a direct appeal was denied.

**I.  Voluntariness**

The petitioner argues that his plea was not voluntary due to threat and coercion.  In his argument he asserts that in varying ways he was coerced by his co-defendants, his lawyer, and the prosecutor.

Whether a guilty plea is entered knowingly and voluntarily is determined by a comprehensive examination of the totality of circumstances.  A defendant who is advised on the record of his constitutional rights is not entitled to habeas relief.  A defendant is presumed to have been adequately informed by his attorney of the direct consequences of his plea.  Berry v. Mintzes, 726 F.2d 1142, 1146-49 (6th Cir.), cert. denied, 467

U.S. 1245 (1984).  In this case, the Court conducted a Rule 11 hearing and explained all of the petitioner's rights. (Transcript of Change of Plea, pp. 21-23).  The petitioner stated under oath that he understood all of his rights.  Therefore, he was fully informed of the nature and consequences of his plea.

Next the Court inquired whether the petitioner's plea was voluntary.  The petitioner replied under oath that it was. (Transcript of Change of Plea, p. 30).  The Court also asked if there were any other promises made or if he was threatened or forced in any way to enter the plea.  Again the petitioner replied, "No ma'am."  (Transcript of Change of Plea, p. 30).  A petitioner who expressly represents in open court that his guilty plea is voluntary may not ordinarily repudiate his statements to the sentencing judge.  United States v. Todaro, 982 F.2d 1025 (6th Cir.), cert. denied, 508 U.S. 943 (1993).  Indeed, the Sixth Circuit has agreed with the holding of the Fifth Circuit that "where the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'"  Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986); quoting Moore v. Estelle, 526 F.2d 690, 696-697 (5th Cir. 1976).

It is interesting to note that the petitioner was not a stranger to the criminal justice system.  He has twice been convicted of federal felonies and been sentenced by a federal judge.  He also has two prior state felony convictions. (Presentence Report pp. 9-11).  He is an adult in his fifties who

owned and operated his own excavation business with numerous employees.  He is not the uninformed, malleable person that he now presents to the Court.

This Court found that the plea was voluntary and subsequent misgivings of the petitioner did not affect the voluntariness of his plea at the time it was made.

## II.  Ineffective Assistance Of Counsel

Petitioner next argues that his attorney was ineffective in advising him to enter a guilty plea.

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth the two-pronged standard which a defendant must meet in order to prove that his counsel's assistance was so defective as to require reversal of the conviction because the defendant was denied effective assistance of counsel in violation of the Sixth Amendment.

> First, the defendant must show that counsel's
> performance was deficient.  This requires a showing
> that counsel made errors so serious that counsel was
> not functioning as the "counsel" guaranteed the
> defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that
> counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is
> reliable.  Unless a defendant makes both showings, it
> cannot be said that the conviction . . . resulted from
> a breakdown in the adversary process that renders the
> result unreliable.

Id. 466 U.S. at 687, 104 S.Ct. at 264.  The Supreme Court went on to say that the proper standard to apply is one of reasonably effective assistance, that is, in order to prevail, a petitioner

must show that "counsel's representation fell below an objective standard of reasonableness." Id. Strickland requires that reviewing courts consider whether counsel's assistance was reasonable "considering all the circumstances" for the purpose of the Sixth Amendment "is simply to insure that criminal defendants receive a fair trial." Id. 466 U.S. at 688-689, 104 S.Ct. at 265.

In the context of the plea process, to establish ineffective assistance of counsel, the petitioner must show that his attorney's performance was not "within the range of competence demanded of attorneys in criminal cases" and "there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985). The petitioner seems to argue that his attorney was ineffective because all three defendants and their attorneys participated in plea discussions. This somehow made petitioner's counsel the pawn of the government. Petitioner's paranoid ramblings are not supported by the record in this case. The change of plea hearing reveals a lucid petitioner who was aware of the charges, aware of the potential penalties, and aware of the plea agreement. When questioned under oath about his attorney, the petitioner acknowledged that he was satisfied with his representation. (Transcript of Change of Plea, p. 14).

The petitioner was represented by one of the best criminal defense attorneys in Cincinnati. Nothing in the record reflects

5

that the attorney labored under a conflict of interest.  Once again the petitioner is unhappy with the consequences of a decision he made.  There was no error in the process.

**III.  The Plea Agreement**

The petitioner now argues that the United States breached the plea agreement by failing to ask for a downward departure for substantial assistance.  The plea agreement is clear that any motion for a reduction of sentence would be in the sole discretion of the United States Attorney.  The petitioner's position at sentencing was that although he did not qualify for a government motion for a downward departure, the facts warranted a departure because they were never contemplated by the guidelines. The United States was clear in its position that the petitioner did not qualify for the substantial assistance motion. (Transcript of Sentencing, pp. 10-11).  The petitioner's attorney strategically acknowledged that the government was not required to file the motion and competently attempted to have the Court use the same information and depart for a different reason (out of the heartland, Koon).  (Transcript of Sentencing, pp. 8-10 & 11-13).  The petitioner's attempt to now present information outside the record is suspect to say the least.  None of the wild allegations he now makes have anything to do with the voluntariness of his initial plea, nor were they presented at time of his sentencing to challenge any aspect of the plea agreement.

**IV.  The Court Erred By Failing To Grant His Motion For A Downward Departure.**

6

In this argument, petitioner again argues that the United States failed to file a motion for a substantial assistance departure.  Contrary to petitioner's assertions, the United States never promised that it would file a substantial assistance motion.  The requirement to file would only occur "upon his substantial assistance."  Petitioner's torturous dissection of the plea agreement language fails to admit that he was first required to provide substantial assistance and failed to do so.  As noted in the record, the United States did not believe that he provided substantial assistance and so stated on the record.  (Transcript of Sentencing hearing, pp. 10-11).  Petitioner's alleged cooperation resulted in no arrests and no prosecutions.  Petitioner does not and can not claim otherwise.  Where a plea agreement states that the decision to move for a departure is at the government's discretion, review is limited to unconstitutional motives only such as race or religion.  Wade v. United States, 504 U.S. 181 (1992); United States v. Rashid, 274 F.3d 407 (6th Cir. 2001).  Since no allegation of any such constitutional motive exists, no hearing on this issue is required.  Rashid, supra.  Petitioner's attempts to disparage the name of an excellent police officer by making outrageous assertions are totally unbelievable.

**V.  Petitioner's Right To Direct Appeal Was Denied.**

The United States agrees that under the circumstances of this case, the petitioner lost his ability to file a direct appeal in this case.  Accordingly, the United States requests

that this Court deny the petitioner's motion to vacate on grounds I through IV, and vacate his sentence on this ground (V) and reimpose the same sentence for the sole purpose of giving him the opportunity to file a direct appeal. By doing this, this Court would correct any injustice the petitioner may have suffered by the inadvertence of Court personnel in not filing the notice of appeal as requested.

### Conclusion

The petitioner's complaints result not from a failing of his attorney, pressure from his co-defendant, the prosecutor, or errors of the Court, but from his unhappiness with the result of his earlier decision. He clearly knew what he was doing and clearly received excellent legal representation. He should, however, be given the opportunity to directly appeal his sentence.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-2047
Robert.Brichler @usdoj.gov

### CERTIFICATE OF SERVICE

8

I hereby certify that a copy of the foregoing was served this 25th day of April, 2005, by regular U.S. Mail on Steve Rennick, Sr., #04050-032, Federal Medical Center, P.O. Box 14500, Lexington, Kentucky 40512.

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney