FILED
JAMES BONINI
CLERK

05 MAY 23 PM 3: 15

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| STEVE RENNICK, SR., | |
| Movant/Defendant, | CV-1-05-0050 |
| vs | CR-1-02-157-3 |
| UNITED STATES OF AMERICA, | Hon. Susan J. Dlott |
| Respondent, | U.S. District Judge |

MOTION FOR DISCLOSURE OF

GRAND JURY MINUTES

    Comes the defendant, Steve Rennick, Sr., pro se, and moves this court for an order requiring disclosure of certain grand jury testimony and in support thereof the defendant does state as follows:

    The defendant is before the court seeking disclosure of grand jury testimony given against the defendant in the above captioned matter by Case Agent John Mercado, pursuant to Rule 6(e)(3)(C)(i) of the Fed. R. Crim. Proc. which rule authorizes disclosure "when so directed by a court preliminarily to, or in connect with, a judicial proceeding."

    When making such a request under Rule 6(E)(3)(C)(i), the disclosure is permitted only where; (1) the disclosure is sought either "preliminary to" or "in connection with" a judicial

-1-

proceeding, and (2) the party requesting such disclosure has demonstrated a particularized need for the requested Grand Jury materials.  See e.g., United States v. Sells Engineering, Inc., 463 U.S. 418, 103 S.Ct. 3133 (1983); United States v. Baggot, 463 U.S. 476 (1983) In Re Grand Jury 89-4-72, 932 F.2d 481, 488 (6th Cir.) (stressing the need for the materials must be "compelling,") cert denied, 502 U.S. 958 (1991).

This disclosure is sought preliminary to a direct appeal and/or continued collateral attack, a significant basis of which is the allegation by the defendant of actual innocence.  (At the time of this writing the government has conceded the defendant was unjustly denied his direct appeal and the defendant is awaiting this court's vacating of defendant's sentence and resentencing to allow for the timely notice of direct appeal).

The material is being sought for the specific purpose of establishing fraud on the court and perjury on the part of the government's lead case agent, Cincinnati Detective John Mercado.  On February 25 2005, the defendant appeared in The Court of Common Pleas, Hamilton County, Ohio, before the Honorable Richard a Bernat in a matter styled, In Re 2001 Freight-Liner/Classic KL-Limited VIN: 1FUPUXZB11PF88771, seized from Steven M. Rennick, Sr.

This matter was a seizure by the State of Ohio of the semi-tractor alleged to have been used by the defendant in the commission of the instant offense.  At this forfeiture hearing, Agent John Mercado was present and testified under subpoena and under

oath.

Agent Mercado testified, inter alia, that he had never seen any marijuana or any trace evidence of marijuana in said vehicle. He further stated he had never seen the vehicle on the road and had no knowledge connecting the vehicle to any drugs except for his belief it might have been purchased with proceeds of illegal drug activity. Predicated partially on Agent Mercado's testimony, the State ruled there was no evidence of the subject semi-tractor being involved in the commission of the instant offense. The State Court, however, also held that, because of the defendant's plea, and suggestions the truck may have been purchased with drug money, the State was entitled to forfeiture. (The forfeiture matter is under objection pending appeal).

The defendant's indictment in the instant case specifically charges that the defendant used said truck to haul large amounts of marijuana from Arizona to Ohio. There is even an allegation that the truck was acquired specifically for the purpose of hauling marijuana. As the indictment is the result of the grand jury's findings, thre must be sepcific testimony in the grand jury findings to authorize the allegation.

On information and belief, the defendant alleges that Agent John Mercado was the major, and perhaps only, grand jury witness. The defendant further alleges that Mercado would, therefore, be the logical source of grand jury testimony upon which the truck involvement came into being.

The defendant has a right to show, if possible, that an agent of the government lied regarding specific allegations leading to defendant's indictment. Assuming the defendant is correct, and Mercado did testify to events involving this truck in the offense, then the court is faced with choosing: Was Mercado perjuring himself then, or is he doing so now. It should be readily obvious that such discovery is relevant to defendant's continued attack on his plea and conviction.

In <u>United States v. Proctor and Gamble Co.</u>, 356 U.S. 677, 78 (1958) the Supreme Court explained the general policies upon which the rule of secrecy is based: (1) To prevent escape of those who are the subject of the inquiry; (2) to insure the utmost freedom to the grand jury and insure others will not importune the jurors; and (3) to prevent subornation of perjury or witness tampering; (4) to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is subject of inquiry, but is ultimately not indicted. <u>Id.</u>, at 681 n.6. See also <u>FDIC v. Ernst and Whinney</u>, 921 F.2d 83, 86 (6th Cir. 1990); <u>In re Grand Jury Proceedings</u>, 851 F.2d 860 (6th Cir. 1988). These general policies, while most important, also are subject to exceptions. In this case the disclosure of this testimony would not breach any of these policies, and can shed valuable insight into what may be a fundamental miscarraige of justice.

In the event that the court does not feel inclined to

disclose the specific testimony, then the defendant requests that the court review said testimony in camera to determine if said testimony confirms the allegations set forth by the defendant. Further, if the court feels that the defendant is entitled to some, but not all, of said material, then the defendant prays the court to disclose the portion the defendant may receive that is segregable from the portion he cannot receive. Defendant requests that such a finding on segregability be made to the standards set forth in <u>Church of Scientology of Col. v. United States, Department of the Army</u>, 611 F.2d 738, 744 (9th Cir. 1979).

In conclusion, the defendant is before the court seeking information that will confirm or deny whether or not the lead agent in this matter was, or is, truthful. The defendant has a right to exculpatory evidence and fair due process of law. This request compromises none of the Supreme Court's stated policies on secrecy, nor does it place anyone at undue risk of harm.

The defendant prays this court to enter an order requiring the disclosure of Agent Mercado's grand jury testimony, or in the alternative, that the court review the testimony in camera to determine if such testimony is indeed inconsistent with Mercado's recent testimony. (The transcript of Mercado's recent testimony is attached as Exhibit A). The defendant has set forth the precise scope of testimony asked for and the particular reason or need defendant has for such request and further the defendant saith naught.

Respectfully submitted,

*Steve Rennick Sr.*
Steve Rennick, Sr.
Movant/Defendant pro se
#04050-032   HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

-6-

<u>CERTIFICATE OF SERVICE</u>

I, Steve Rennick, Sr., to hereby certify that the original of this document was filed with the Court Clerk identified below and a true and correct copy was further sent to the other party or parties identified below by depositing same into the prison legal mail box, postage prepaid, on the 18 day of May 2005.

*Steve Rennick Sr.*
Steve Rennick, Sr.

Clerk of the Court
U.S. District Court
Southern District of Ohio
100 East Fifth Street
Cincinnati, OH 45202

Robert C. Brichler, AUSA
221 E. 4th Street
Suite 400
Cincinnati, OH 45202