UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

CINCINNATI DIVISION

| | |
|---|---|
| STEVE RENNICK, SR., ) | |
| ) | CV 1-05-0050 |
| Movant/Defendant ) | |
| ) | CR 1-02-157-3 |
| vs ) | |
| ) | Hon. Susan J. Dlott |
| UNITED STATES OF AMERICA, ) | |
| ) | U.S. District Judge |
| Respondent, ) | |

MOTION TO EXPEDITE RULING ON MOVANT'S

MOTION PURSUANT TO 28 USC § 2255

SPECIFICALLY AS TO VACATING AND

REIMPOSING SENTENCE TO ALLOW DIRECT

APPEAL TO PROCEED

Comes the defendant, Steve Rennick, Sr., pro se, and moves this court to expedite its ruling on movant's motion pursuant to 28 USC § 2255, specifically as to the vacating and reimposing of movant's sentence for purpose of allowing movant to proceed with a direct appeal, and in support thereof does state as follows:

As a preliminary matter, the defendant avers that he is not an attorney; has no legal or professional training pertaining to the preparation and filing of legal motions or memorandums. The defendant seeks notice of such limitations and prays this court

-1-

to construe his pleadings liberally in light of the Supreme Court holding in Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652 (1972); Cruz v. Beto, 405 U.S. 319 (1972); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Hill v. U.S., 368 U.S. 424, 430 (1962). The allegations and averments in a pro se pleading must be taken as true and construed in favor of the defendant. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

## RELEVANT HISTORY

On 12-15-2004 the defendant filed a motion seeking the reinstatement of his right to direct appeal, which right had been abrogated by the court clerk's failure to file notice of appeal as directed by the court at sentencing.

Before receiving a response to said motion, the defendant, on 1-26-05, filed a motion pursuant to 28 USC § 2255 on various grounds, but did not include reference to the lost appellate rights. Almost immediately following the filing of the § 2255 motion, the defendant received the court's order of 1-10-05 in which the court properly denied the direct appeal motion, but suggested how such could properly be done under § 2255.

On 3-25-05 defendant filed a motion for leave to amend the § 2255 motion and the proposed amendment. The court granted leave to amend on 3-19-05.

The government filed its response on 4-25-05, in which the government opposed all claims raised all other claims raised in the § 2255 except that the government conceded that the defendant

was improperly denied his direct appeal and joined the defendant in suggesting the defendant's sentence be vacated and reimposed to allow the timely filing of the notice of appeal.

On 5-19-2005 defendant filed his traverse to the government's response. On 5-23-05 defendant filed a motion for grand jury minutes to which there has been no response and which motion is not relevant to this request.

## THE ISSUE

The defendant was sentenced on January 28, 2004, and ultimately surrendered to prison on May 28, 2004; he has now served over 13 months of his 63 month sentence. The defendant had a right to a direct appeal, which if the court clerk had appropriately noticed, could have well been instated and resolved during the past 18 months; regrettably, this was not the case.

The court essentially instructed the defendant on using a § 2255 motion as the vehicle to obtain his direct appeal. The defendant amended his § 2255 to seek his direct appeal and essentially ask the court to set aside the other issues raised therein. The government also concurred that the defendant was rightfully entitled to a direct appeal and the defendant now awaits the court's ruling.

The court is aware that this pro se defendant is litigating this matter without counsel and the completion of the appellate process will no doubt be time consuming. The defendant has already been prejudiced by the excessive delay caused by the

clerk's error and his paid counsel's ineffectiveness. Simply stated, the defendant is merely asking this court to take the measures required so the defendant can proceed with his appeal. The defendant seeks no other ruling on any other issue at this time, but only wants to commence the all too lengthy appellate process.

On the basis of good legal authority previously submitted the defendant requests this court to vacate defendant's sentence and to reimpose the same sentence and to direct the clerk to submit a timely notice of appeal (or instruct the defendant to do so). The defendant, if agreeable to the court, does waive his appearance at such re-sentencing or does consent to participate by phone at the sole pleasure of the court.

					Respectfully submitted,

					*/s/ Steve Rennick/Sr.*
					Steve Rennick, Sr.
					#04050-032   HCU
					Federal Medical Center
					P.O. Box 14500
					Lexington, KY 40512

## CERTIFICATE OF SERVICE

I, Steve Rennick, Sr., do hereby certify that the original of this document ws filed with the Court Clerk identified below and a true and correct copy was further sent to the other party or parties identified below by depositing same into the prison legal mail box, postage prepaid, on the 5 day of July 2005.

Clerk of the Court
U.S. District Court
100 East Fifth Street
Cincinnati, OH 45202

Robert C. Brichler, AUSA
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

*Steve Rennick Sr.*
Steve Rennick, Sr.
#04050-032  HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512