IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Steven Rennick, Sr., | : | |
| | : | Case No. CR-1-02-157 |
| Petitioner | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | |
| United States of America, | : | OPINION AND ORDER |
| | : | |
| Respondent | : | |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (docs. ## 194, 200), Motion to Expedite Ruling on Movant's Motion Pursuant to 28 U.S.C. § 2255 Specifically as to Vacating and Reimposing Sentence to Allow Direct Appeal to Proceed (doc. #206), and Motion for Disclosure of Grand Jury Minutes (doc. #205). For the reasons set forth below, the Court **GRANTS IN PART AND DISMISSES IN PART** Petitioner's Motion Under 28 U.S.C. § 2255 (docs. ## 194, 200), **DENIES AS MOOT** Petitioner's Motion to Expedite (doc #206), and **DENIES** Petitioner's Motion for Disclosure of Grand Jury Minutes (doc #205).

I.  BACKGROUND

On August 18, 2003, Petitioner pleaded guilty to conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Doc. #103.) On January 28, 2004, this Court sentenced Petitioner to a term of imprisonment of 63 months followed by four years of supervised release. (Doc. #188 at 14, 16.) At his sentencing hearing, Petitioner was represented by private counsel William R. Gallagher. During the hearing, the following conversation concerning Petitioner's right to appeal his sentence took

1

place:

> THE COURT: Let me tell you about your rights on appeal. Both parties are notified by the Court that you have a right to appeal this sentence. . . . You are further advised that, in accordance with Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the clerk of the United States District Court, within ten days of the filing of the judgment. The Court does advise you that, if you request, the clerk of the Court will prepare and file immediately the notice of appeal on your behalf. . . . If you request, Mr. Rennick, I'll order the clerk of courts to file your notice of appeal immediately after the judgment is filed, and, if not, Mr. Gallagher, will you protect the rights of the defendant?
>
> MR. GALLAGHER: Judge, I will. I have already spoken to Mr. Rennick about the potential outcomes of the sentencing hearing. He would like to appeal.
>
> THE COURT: And are you going to be responsible for filing it, or do you want the clerk?
>
> MR. GALLAGHER: Judge, if the clerk would. I don't know what the financial situation is going to be from this point forward because of the forfeiture proceedings that are engaged in the state court. But either new counsel is going to be appointed or retained to pursue it.
>
> THE COURT: All right. That's fine.

(Doc. #188 at 19-20). The clerk of courts, however, did not file the notice of appeal on Petitioner's behalf. The statutory deadline for filing a notice of appeal passed on or about February 11, 2004. See Fed. R. App. P. §§ 4(b)(1)(A), 26(a).

Petitioner retained Kenneth L. Lawson, II, Esq. to represent him just after the sentencing hearing, and Mr. Lawson entered his appearance on January 29, 2004. (Doc. #148.) In the late winter and spring of 2004, Mr. Lawson filed multiple motions on Petitioner's behalf, including motions for reconsideration of Petitioner's sentence, to withdraw Petitioner's plea of guilty, and

2

to stay execution of Petitioner's sentence. (Docs. ## 149, 159, 162, 166, 169, 178.[1]) However, Mr. Lawson never filed a notice of appeal on Petitioner's behalf.

Petitioner has asserted, in prior briefing before this Court, that he "was under the impression an appeal was being aggressively pursued" during the months following his sentencing, and that Mr. Lawson did not inform him that no notice had been filed until sometime after Petitioner entered federal custody in late May 2004. (Doc #191-1 at 4.) Petitioner states that Mr. Lawson promised to file a 28 U.S.C. § 2255 petition "to challenge the plea and sentence," but postponed doing so due to health problems. Id. at 4-5. In November 2004, Petitioner retained new counsel who apparently confirmed that a direct appeal was time-barred and that a section 2255 petition "would be the last resort." Id. at 5; see also docs. ## 186, 187. The transcript from Petitioner's sentencing hearing was not docketed until December 3, 2004, and Petitioner states that he did not receive a copy until December 8, 2004. (Docs. #188, 191-1 at 5.) On December 15, 2004, after reviewing the transcript, Petitioner filed a *pro se* motion seeking reinstatement of his appeal rights pursuant to Federal Rule of Appellate Procedure 4(b). (Doc. #191.) On January 1, 2005, the Court denied Petitioner's 4(b) motion, but invited Petitioner to file a motion pursuant to 28 U.S.C. § 2255 to pursue his claim that his rights were violated by the clerk of court's error in not filing an appeal. (Doc. #192.[2])

On January 26, 2005, apparently just before receiving a copy of the Court's January 1,

---

[1] The Court granted Petitioner's stay motions and denied all other motions. (Docs. ## 168, 171, 179.)

[2] The Court also instructed Petitioner on how to request a proceeding *in forma pauperis* so that an attorney could be appointed on his behalf, if appropriate, for the § 2255 proceedings. Id. Nevertheless, Petitioner has filed his section 2255 papers *pro se.*

3

2005 Order, Petitioner filed the instant § 2255 motion. Petitioner's original memorandum set forth five grounds for relief: (1) his guilty plea was not voluntary; (2) he received ineffective assistance of counsel; (3) the United States breached its plea agreement; (4) the Court erred by not granting Petitioner's motion for a downward departure; and (5) his right to a direct appeal was denied by the clerk of court's and his counsel's error in not timely filing his notice of appeal. (Doc. #194.) In a supplemental memorandum filed April 4, 2005, Petitioner reasserted his fifth claim to relief. (Doc. #200.) He also argued that, had his direct appeal been timely filed, he would have been entitled to automatic reconsideration of the sentencing issues raised by United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004). Id.

The United States filed a responsive memorandum arguing that Petitioner's first four claims for relief should be denied on the merits, but agreeing that the Court should vacate Petitioner's sentence pursuant to Petitioner's fifth (or notice of appeal) claim and reimpose the same sentence for the sole purpose of permitting Petitioner to file a direct appeal. (Doc. #202.) In his reply, Petitioner declined to respond to the Government's substantive arguments on his first four claims in anticipation that this Court would vacate and reimpose Petitioner's sentence solely on the basis of his fifth claim. (Doc. #204.) Petitioner conceded that "all other issues contained in [the] § 2255 motion would in fact be moot (at least for now)" if the Court vacated and reimposed his sentence on the notice of appeal issue, and urged the Court to adopt this approach and dismiss "all other issues without prejudice." Id.[3] Petitioner further requested that

---

[3] Petitioner emphasized that in the event the Court decided not to vacate and reimpose his sentence and permit a direct appeal, he wished to "retain his right" to pursue his first four claims before the district court. Id.

in the event of resentencing, the Court order the clerk of court to file a notice of appeal and notify Petitioner of this filing. Id.

On May 23, 2005, Petitioner filed a separate Motion for Disclosure of Grand Jury Minutes pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure. (Doc. #205.) As detailed below, Petitioner asserted that his indictment was predicated on false grand jury testimony by a government agent and that evidence of this perjury is relevant to any forthcoming appeals of his conviction.

On July 8, 2005, Petitioner moved for the Court to expedite its consideration of his section 2255 motion. (Doc. #206.)

## II.     ANALYSIS

### A.     Section 2255 Motion

As discussed below, the failure of the clerk of court and Petitioner's counsel to file a timely notice of appeal on Petitioner's behalf is grounds for relief under 28 U.S.C. § 2255. The Sixth Circuit has held that the appropriate remedy for this denial is to vacate and reimpose Petitioner's original sentence in order to reinstate Petitioner's right to a direct appeal. Because pursuit of a direct appeal will cut short Petitioner's pending habeas action and render Petitioner's remaining section 2255 claims unripe, the Court declines to reach the merits of Petitioner's remaining claims and instead dismisses those claims without prejudice.

#### 1.     Failure to Notice Direct Appeal (Fifth Claim for Relief)

The Court's January 1, 2005 Order inviting Petitioner to file his Section 2255 motion was predicated on the persuasive authority of United States v. Hirsch, 207 F.3d 928 (7th Cir. 2000). Since then, the Sixth Circuit has explicitly adopted the approach endorsed by the Seventh Circuit

in Hirsch and the Eleventh Circuit in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000). See Johnson v. United States, No. 03-3750, 2005 WL 1506050, at *2 (6th Cir. June 27, 2005) (citing Phillips at 1201); see also Hirsch at 931. In doing so, the Sixth Circuit recognized that both district and appellate courts lack the authority to extend the jurisdictional time limits for filing a notice of appeal under Rule 4(b). See Johnson, 2005 WL 1506050, at *1. Therefore, the only relief available to a federal criminal defendant who feels he has been prejudiced by the failure to file a timely notice of appeal is a habeas petition to "vacate, set aside, or correct" his criminal sentence under 28 U.S.C. § 2255. See Johnson, 2005 WL 1506050, at *2; 28 U.S.C. § 2255 (2005).

Federal defendants who receive constitutionally ineffective assistance of counsel in connection with the filing of a notice of appeal are entitled to habeas relief. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). Not every failure to notice an appeal rises to the level of unconstitutionally ineffective assistance; to state a claim to relief, a habeas petitioner must show that "but for counsel's deficient conduct, he would have appealed" his criminal sentence. Id. at 484-485. The Sixth Circuit has indicated that this deficient conduct standard is satisfied when a defendant explicitly and timely requests counsel to notice an appeal and counsel fails to comply with that request. Johnson, 2005 WL 1506050, at *1-2; see also Hirsch at 931 and United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991) (internal citations omitted).

The question of what remedy is appropriate when a *clerk of court* fails to file a requested notice appears to be one of first impression in this Circuit. The Seventh Circuit, however, in the Hirsch opinion recently endorsed by this Circuit, has indicated that whenever a criminal defendant timely requests that his appeal be filed, either in open court or before his counsel, and

no appeal is filed, the defendant has received constitutionally ineffective assistance of counsel entitling him to relief under Section 2255.  See Hirsch, 207 F.3d at 931.  The transcript of Petitioner's January 28, 2004 sentencing indicates that Petitioner made a timely request, in open court, for the clerk of court to file his notice of appeal.  (Doc #188 at 19-20.)  The transcript also reveals that the request was made by Petitioner's then-defense counsel, William Gallagher.  Id.

The Court recognizes that Mr. Gallagher was replaced by new defense counsel, Kenneth Lawson, shortly after the hearing and that Mr. Lawson represented Petitioner during the ten-day post-sentencing notice period.  See supra at 3.  Despite his dismissal as Petitioner's counsel, Mr. Gallagher's representation of Petitioner at the hearing–and his obvious awareness of Petitioner's intent to pursue an appeal–vested Mr. Gallagher, along with Mr. Lawson, with some measure of responsibility for ensuring that Petitioner's appeal was in fact timely filed.  See, e.g., United States v. Davis, 929 F.2d 554, 556-57 (10th Cir. 1991) (finding ineffective assistance where, during a recess at defendant's sentencing hearing, defendant informed counsel of defendant's intent to dismiss counsel and pursue an appeal in forma pauperis, and counsel notified the court of this decision but then "failed to investigate" when defendant left the courthouse without ever seeking leave to appeal).  The record thus indicates that Petitioner lost his opportunity to appeal despite the fact that at least one, and arguably as many as three, responsible individuals were informed of Petitioner's intent to appeal within the notice period.  This collective oversight "led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself," and thus clearly constituted an unconstitutional deprivation of Petitioner's rights under the Sixth Amendment.  Roe, 528 U.S. at 483; see also Hirsch, 207 F.3d at 931.

In light of the facts and authorities reviewed above, the Court concludes Petitioner is

entitled to immediate relief on his fifth claim, and therefore GRANTS Petitioner's motion as to that claim. Therefore, in accordance with the procedure laid out by the Sixth Circuit in <u>Johnson</u>, the Court will (1) vacate Petitioner's January 28, 2004 sentence; (2) reimpose Petitioner's sentence; (3) upon reimposition, advise Petitioner of "all the rights associated with an appeal from any criminal sentence," including the right to have a notice of appeal filed by the clerk of court; and (4) advise Petitioner that he will have ten days from the day his sentence is re-imposed to file a timely notice of appeal in accordance with Federal Rule of Appellate Procedure 4(b)(1)(A)(I). <u>Johnson</u>, 2005 WL 1506050, at *2 (citing <u>Phillips</u> at 1201). This procedure will also permit the Court to reconsider Petitioner's sentence in light of <u>Booker</u> and <u>Blakely</u>. <u>See, e.g.</u>, <u>United States v. Cash</u>, 131 Fed. Appx. 200, 202 (11th Cir. 2005) (unpublished op.) (vacating and remanding district court order re-imposing sentencing according to procedure outlined above because district court failed to consider <u>Booker</u> in resentencing).

**2.    Other Section 2255 Issues (First Through Fourth Claims for Relief)**

Because this Court has decided to vacate and reimpose Petitioner's sentence on the grounds discussed above, the Court need not reach the other four claims set forth in Petitioner's section 2255 motion and opposed on the merits by the government. The Court agrees with Petitioner that, in light of the Court's decision to reinstate Petitioner's direct appeal rights on the basis of Petitioner's fifth claim for relief, claims one through four are likely unripe. <u>See, e.g.</u>, <u>Shepeck v. United States</u>, 150 F.3d 800, 801 (7th Cir. 1998) (declaring additional claims in 2255 petitioner unripe prior to resentencing where petition included ineffective assistance of counsel claim triggering re-imposition of sentence). The Court is sensitive, however, to the need to dispense of such claims in the manner that best preserves Petitioner's ability to raise them in any

future habeas proceedings, should Petitioner's direct appeal prove unsuccessful.  In particular, the Court does not wish Petitioner's other claims to be subject to the additional restrictions imposed on second or successive section 2255 motions.  See 28 U.S.C. 2255; see also In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999) (summarizing restrictions).

      None of the authorities cited above resolve the issue of how to preserve such additional claims in this procedural context, and the Court is not aware of any controlling authority directly on point.  However, the Supreme Court has held that when a "habeas petitioner does not receive an adjudication of his claim" because a first petition was dismissed for "technical procedural reasons," the petitioner should be able to raise this claim in a later habeas petition without having that petition classified as "second or successive."  Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998); see also Covington v. Mills, No. 98-5879, 1999 WL 96646, at *3-4 (6th Cir. February 4, 1999) (relying on Stewart to hold that petitioner "did not receive an adjudication of habeas claims in his prior petition," subsequent habeas petition was not "second or successive").  Several Circuits, including the Seventh, have applied this precedent to hold that an order granting a first Section 2255 motion for the exclusive purpose of reinstating a direct appeal "resets to zero the number of collateral attacks pursued," and that a subsequent Section 2255 motion should therefore not be construed as second or successive.  Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998) (per curiam); see also United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997) (per curiam), and In re Goddard, 170 F.3d 435, 435, 437-38 (4th Cir. 1999).

      The Court finds this authority persuasive, and therefore DISMISSES WITHOUT PREJUDICE claims one through four of Petitioner's Section 2255 petition.  The Court does so with the expectation that Petitioner will remain able to bring a first section 2255 petition

presenting these or additional claims, without regard to any special limitations applicable only to "second or successive" section 2255 motions, in the event that his direct appeal fails.

    **B.**    **Motion to Expedite**

Now that the Court has ruled on Petitioner's section 2255 petition, Petitioner's Motion to Expedite the Court's review is moot. The Court thus DISMISSES AS MOOT Petitioner's Motion to Expedite.

    **C.**    **Motion for Disclosure of Grand Jury Transcripts**

In a separate motion brought after his 2255 petition, Petitioner seeks disclosure of any testimony by federal Agent John Mercado before the grand jury that issued Petitioner's indictment. (See Doc #205-1 at 1). In the alternative, Petitioner requests that the Court conduct an in-camera review of the grand jury transcripts "to determine if said testimony conforms to the allegations" in Petitioner's motion, and to segregate and disclose any relevant portions. Id at 5.

Petitioner's motion is ostensibly brought under Federal Rule of Criminal Procedure 6(e)(3)(C)(i), which once authorized disclosure "when so directed by a court preliminarily to, or in connect [sic] with, a judicial proceeding." See id. at 1. Rule 6 was amended in 2002, and Petitioner's cited text now appears at subsection 6(e)(3)(E)(i).[4] The Court will therefore construe the motion as if it were brought under the latter section, which provides that:

> (E) The court may authorize disclosure–at a time, in a manner and subject to any other conditions that it directs–of a grand jury matter:
>     (i) preliminarily to or in connection with a judicial proceeding;

---

[4] Cf. id. and Fed. R. Crim. Proc. 6(e)(3)(E)(i); see also United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 615 n. 5 (E.D. Va. 2004) (noting that the text at former subsection 6(e)(3)(C)(i) was moved to current subsection 6(e)(3)(E)(i) as part of a 2002 rule renumbering). Because the change is relatively recent, much of the case law discussed below cites to the old subsection number, 6(e)(3)(C)(i).

[...]

Fed. R. Crim. Proc. 6(e)(3)(E)(i) (2005).

Rule 6(e)(3)(E)(i) is a narrow exception to the general rule that records of grand jury proceedings be kept secret. See Fed. R. Crim Proc. 6(e)(2); see also Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 n.9 (1979). To satisfy the exception, parties must demonstrate both that their proposed use of the records is "related fairly directly to some identifiable litigation, pending or anticipated," and that they have some "particularized need" for disclosure. United States v. Baggot, 463 U.S. 476, 480-81 (1983). The Sixth Circuit has emphasized that "general claim[s] such as that . . . disclosure of grand jury transcripts would reveal exculpatory evidence" do establish particularized need. United States v. Short, 671 F.2d 178, 187 (6th Cir. 1982). Rather, claimants must demonstrate that disclosure is necessary to "avoid a possible injustice in another judicial proceeding," that the "need for disclosure is greater than the need for continued secrecy," and that the disclosure request is "structured to cover only material so needed." Douglas Oil, 441 U.S. at 222. Courts enjoy considerable discretion in evaluating disclosure claims. Id. at 223; see also Short at 184. In exercising this discretion, courts are expected to balance claimants' disclsoure needs against the important policy interests underlying grand jury secrecy, which include the promotion of free, frank, and full testimony by preindictment witnesses. Douglas at 219; United States v. Thomas, 597 F.2d 656, 657 (1979).

Petitioner seeks disclosure of the grand jury testimony "preliminary to" his prospective direct appeal and any potential "continued collateral attack" of his criminal conviction. (Doc #205-1 at 2). He expects Agent Mercado's testimony to bolster his claim of "actual innocence," which he predicts will constitute a "significant basis" of any direct or habeas appeal. Id. In

11

essence, Petitioner asserts that the transcripts will expose fundamental inconsistencies in Mercado's testimony before the grand jury and at a February 2005 civil forfeiture proceeding and establish that the government – through Mercado – committed "fraud on the court and perjury" in connection with Petitioner's criminal prosecution. Id at 2-3. The contested testimony involves a truck allegedly used by Petitioner in certain of the drug transactions for which Petitioner was indicted. The truck was ultimately seized by the State of Ohio on the basis of its apparent involvement with drug transactions and proceeds, triggering the forfeiture proceeding. Petitioner reasons that because his criminal indictment "specifically charges" that he used the truck to transport marijuana from Arizona to Ohio, there must be grand jury testimony to substantiate that allegation. Id. at 3. He speculates that Agent Mercado was the government's "major, and perhaps only, grand jury witness," and is therefore the most likely source of any substantiating testimony. Id. Petitioner also notes that Mercado testified at the *forfeiture* proceeding that he had never seen any evidence of marijuana in the truck and had never seen the truck on the road. Id. Petitioner concludes that Mercado's grand jury and civil forfeiture testimony must be inconsistent, and that Mercado must therefore have lied to the grand jury. Id. at 3-4.

To the extent that Petitioner contemplates a specific use for the grand jury testimony in the context of his prospective appeals, he has satisfied his initial burden of demonstrating that the disclosure request is "fairly related" to "pending or anticipated litigation." See, e.g., Baggot at 480 (emphasizing the "actual use to be made of the material" in "some identifiable litigation"). Nevertheless, the Court finds that Petitioner is not entitled to disclosure because he has not shown any "particularized need" for the transcripts in light of the procedural posture of his case.

The essence of Petitioner's disclosure argument is that he is in fact innocent and would not have been indicted were it not for due process violations (e.g., government perjury) in the grand jury proceedings. However, Petitioner cannot dispute that on August 18, 2003, he pled guilty to criminal conspiracy to distribute marijuana, as alleged in count one of his indictment. (See Doc #145 at 33; Doc #157 at 1). In general, once a criminal defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea." Tollett v. Henderson, 411 U.S. 258, 257 (1973). Because a voluntary, intelligent, and counseled guilty plea is treated as reliable evidence of factual guilt, a valid plea-taking "renders irrelevant those constitutional violations" "which do not stand in the way of conviction if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 62 n.2 (1975). To circumvent this rule, a defendant must typically "allege and prove serious defects on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."[5] McMann v. Richardson, 397 U.S. 759, 774 (1970). Petitioner has made no such allegation in his disclosure motion.[6]

In short, even assuming that Petitioner's criminal indictment was in fact tainted by false

---

[5] Courts have suggested a few other constitutional defenses not deemed forfeited by guilty pleas, but none appear relevant here. See, e.g., Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, Criminal Procedure § 2.16(a) (4th ed. 2004), at 1029 (listing speedy trial rights, the right not to be convicted of conduct that cannot constitutionally be criminalized, and the right to be free from selective prosecution in violation of the Equal Protection clause).

[6] Petitioner's Section 2255 habeas motion does include a claim that Petitioner's plea was involuntary. However, as discussed at Part II.A.2 above, the Court declines to reach the merits of this claim because it is unripe.

testimony,[7] Petitioner's plea likely precludes him from raising this issue "in connection with" any direct appeal of his conviction. The prospect of a subsequent habeas appeal does not bolster Petitioner's claim for disclosure of the transcripts, in part "because ordinary defects in grand jury proceedings cannot be attacked by habeas corpus." Thomas v. United States, 579 F.2d 656, 658 (8th Cir. 1979). Petitioner has therefore failed to demonstrate that disclosure would help "avoid a possible injustice in another judicial proceeding," Douglas Oil, 441 U.S. at 222, let alone that this avoidance outweighs the important public policy interests behind the presumption of grand jury secrecy. Because Petitioner cannot establish any "particularized need" for the grand jury transcripts, the Court concludes that there is no tenable basis for either ordering their disclosure or undertaking an in-camera review. The Court thus DENIES Petitioner's Motion for Disclosure of Grand Jury Minutes (doc #205).

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Petitioner's Motion Under 28 U.S.C. § 2255 (docs ## 194, 200) for the limited purpose of vacating and reimposing Petitioner's sentence as requested in Petitioner's fifth claim for relief and **DISMISSES WITHOUT PREJUDICE** Petitioner's first, second, third and fourth claims under 28 U.S.C. § 2255; **DENIES AS MOOT** Petitioner's Motion to Expedite Ruling (doc #206); and **DENIES**

---

[7] As a threshold matter, the Court disagrees that Mercado's civil testimony is necessarily inconsistent with the evidence underlying the grand jury indictment. The fact that Mercado did not personally observe marijuana in the truck, or the truck on the road, does not eliminate the possibility that the government had other credible evidence – possibly, but not necessarily, presented through testimony by Mercado – that Petitioner was using (or conspiring to use) the truck to transport marijuana. Even if Petitioner could show that the civil testimony was factually irreconcilable with his criminal indictment, and that perjury therefore occurred, he would presumably still have to establish that the alleged perjury occurred during the grand jury proceeding rather than during the civil proceeding.

Petitioner's Motion for Disclosure of Grand Jury Minutes.

The Court hereby **ORDERS**:

1. Petitioner Steven Rennick, Sr. to appear before this Court on October 28, 2005 at 2:00 p.m. so that the Court may vacate the criminal sentence imposed on January 28, 2004 and impose a new sentence in accordance with Part II.A of this opinion; and

2. The Clerk of Court to issue a Writ of Habeas Ad Prosequendum securing Petitioner's appearance at the resentencing hearing.

IT IS SO ORDERED.

                                                                                     s/Susan J. Dlott  
                                                                                     Susan J. Dlott  
                                                                                     United States District Judge