FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT 05 OCT 27 AM 9: 17

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

STEVEN RENNICK, SR.,          )
                              )
          Defendant,          )   Case No.: CR-1-02-157
                              )
     vs                       )   Hon. Susan J. Dlott
                              )
UNITED STATES OF AMERICA,     )   U.S. District Judge
                              )
          Respondent,         )
                              )

## FORMAL OBJECTIONS TO PRE-SENTENCE REPORT

Comes the defendant, Steven M. Rennick, Sr., pro se, and does hereby file his objections to the Pre-Sentence Report and does further state that he requested former counsel William Gallagher to raise these objections prior to his initial sentencing, but counsel failed to raise said objections, therefore the defendant does object as follows:

As a preliminary matter, the defendant avers that he is not an attorney; has no legal or professional training pertaining to the preparation and filing of legal motions or memorandums. The defendant seeks notice of such limitations and prays this court to construe his pleadings liberally in light of the Supreme Court holding in Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652 (1972); Cruz v. Beto, 405 U.S. 319 (1972); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Hill v. U.S., 368 U.S. 424, 430 (1962). The

-1-

allegations and averments in a pro se pleading must be taken as
true and construed in favor of the defendant.  See Malone v.
Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

    Further to understand defendant's objections, it is neces-
sary to fully understand the defendant was coerced and manipula-
ted into entering what he was told was a "fictional plea."  The
defendant now fully understands that under the law there is no
such thing as a "fictional plea", but, nevertheless, that is what
both of his attorneys, William Gallagher and later Kenneth Lawson,
advised the defendant he was entering.  For those reasons the de-
fendant entered a false plea to matters he did not commit, with
this understanding the defendant formally objects as follows:

    1.  The defendant formally objects to each and every refer-
ence in the PSR to any drug quantity.  As the sentence and such
matters as mandatory minimums are driven by quantity, it is the
government's burden to prove the actual amount of drugs relevant
to this defendant, and to prove such beyond a reasonable doubt.
It should be noted that drug quantity was never mentioned during
the plea colloquy and, therefore, drug quantity was never admitted
to.  This objections includes reference to quantity in paragraphs
2, 3, 5, 9, 14, 16, 34, 35, 38, 40, 45, 46 47, and 53.

    2.  The defendant objects to all references to his hauling
or moving or handling or selling or transporting marijuana as
stated in paragraphs 2, 3, 5, 9, 14, 16, 34, 35, 39, 40, 45, 46,
47 and 56.

3.    The defendant, while objecting to the term of distribu-
tion set forth in paragraph 3, does further state that the refer-
ence to 50 pounds of marijuana was the only quantity he thought
was involved in the entire crime and never knew he could be held
accountable for any other amount.

4.    Defendant objects to any references alleging he has
ever possessed any funds or assets of any kind having any associa-
tion with drug trafficking.  Further, the defendant can show the
source of any and all funds and deposits made to any account, and
further can prove by a certified public accountant that all money
is appropriately sourced and has no connection with any illegal
activity of any kind.  The defendant specifically objects to all
such references in paragraphs 10, 11, 12, 13, 40, 41, 42, 43, 46,
47, and 56.

5.    Defendant objects to paragraph 18 to the extent that
defendant was coerced and manipulated into entering what he be-
lieved was a "fictional plea."

6.    Defendant objects to paragraph 19 to the extent he had
no knowledge of the statutory maximum or minimum associated with
the alleged crime.

7.    Defendant objects to references in paragraph 32 to the
extent that neither the defendant nor his wife had any knowledge
about anyone storing marijuana on said property.

8.    Defendant object to paragraph 34 in that he never ad-
mitted hauling boxes from Arizona to Cincinnati.

-3-

9.    Defendant objects to paragraph 35 to the extent he never hauled drugs from anywhere to anywhere, the Rennick family motor-home was never used to haul drugs of any kind and, finally, Rennick's corporation, S and S Racing, LLC, purchased the semi-tractor to haul race cars, not drugs.

10.    Defendant objects to paragraph 36 in that the semi-tractor was always bought, owned, and controlled by S and S Racing, LLC.    On information and belief, Steve Rennick, Jr., did not make the statements alleged in this paragraph and the government bears the burden to prove such.

11.    Defendant objects to the contents of paragraph 39 in total.

12.    The defendant wishes to direct the court to paragraph 51 in which the defendant admits to driving three trips to Arizona and he admits that two bank deposits were cash (legal and verifi-able cash).    The defendant never mentions drugs or drug traffick-ing because he had no involvement in either.    The defendant's statement was designed to accept responsibility, but not to admit guilt to something he never did, which was buy, sell, transport, or deal in any controlled substance.

13.    Defendant objects to the use of U.S.S.G. 2D1.1(a) (3) (c)(7) in paragraph 53 as such is based upon a quantity exceeding 100 kilograms of marijuana which amount has neither been proven before this court beyond a reasonable doubt nor admitted to by the defendant.    The defendant claims this objection subject to the

-4-

holdings of <u>Blakely v. Washington,</u> 124 S.Ct. 2531 (2004) and
<u>United States v. Booker</u>, 125 S.Ct 738 (2005).  Defendant contends
in the absence of proof of any quantity the correct advisory guide-
line would be level 6 pursuant to U.S.S.G. 2D1.1(a)(3)(C)(17).

14.  Defendant objects to paragraph 56 to the extent that
since he is actually and factually innocent he would be entitled
to a minimal or mitigating role in that he never hauled drugs and
never handled drug money.

15.  Defendant suggests that while the statements presented
in paragraphs 92-94 concerning his mental and emotional health are
essentially true, they do not accurately convey the defendant's
mental condition or abilities.  A full understanding of the defen-
dant's mental health should play a major role in the court's un-
derstanding of the defendant and how he is manipulated by those
around him.  There should be a thorough examination to determine
if this defendant has the requisite mental capacity to deal with
these allegations and understand the charges against him.

16.  The defendant objects to the contents of paragraph 115
to the extent that he was never involved in the theft of his fami-
ly's motor home.  The motor home is not located on a farm in
Kentucky, and the defendant has not been charged in any such mat-
ter.

17.  The defendant objects to paragraph 116 to the extent
that absent a finding of sufficient quantity the defendant faces
a maximum of five years and a minimum of zero months.  The

defendant further objects to paragraph 117 on similar grounds.

18.   The defendant objects to paragraph 123 to the extent that absent a finding of sufficient quantity the defendant is eligible for probation.

The defendant hereby certifies that the above objections represent all of defendant's objections to the Pre-Sentence Report as prepared by the United States Probation Office by order of the District Court.  The defendant understands that any of these objections not resolved prior to defendant's sentencing shall be resolved at the sentencing hearing and further understands the government bears the full burden of proof of all matters stated in the PSR and objected to herein.

These objections respectfully submitted on this, the 23 day of October 2005.

Respectfully submitted,

Steven Rennick, Sr.
#04050-032   HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

CERTIFICATE OF SERVICE

I, Steven Rennick, Sr., do hereby certify that the original of this document, Formal Objections to Pre-Sentence Report, was filed with the Court Clerk identified below and a true and correct copy was further sent to the other party or parties identified below by depositing same into the prison legal mail box, postage prepaid, on the 25 day of October 2005.
ORIGINAL HAND Filed.

Respectfully submitted

Steven Rennick Sr

Steven Rennick, Sr.
#04050-032   HCU
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

Clerk of the Court
U.S. District Court
100 E. 5th Street
Cincinnati, OH 45202

Robert C. Brichler, AUSA
221 E. 4th Street
Suite 400
Cincinnati, OH 45202