```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR-1-02-157-3 |
| | : | |
| | : | **GOVERNMENT'S RESPONSE TO** |
| v. | : | **DEFENDANT'S MOTION FOR** |
| | : | **BAIL PENDING APPEAL** |
| | : | |
| STEVEN RENNICK, SR. | : | J. Dlott |

- - - - - - - - - - - - - - - - - - - - - -

Rennick was originally sentenced in this Court on January 28, 2004, upon his earlier plea of guilty, for conspiracy to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). He received a sentence of 63 months imprisonment (there was a mandatory minimum sentence of 60 months) to be followed by four years of supervised release and a $10,000.00 fine. After his sentence, he requested the Clerk of Court to file a notice of appeal on his behalf. The notice was never filed and the time for him to appeal expired. The defendant applied to this Court for relief pursuant to 28 U.S.C. § 2255 to set aside his sentence so that he could be resentenced and pursue a direct appeal to the Sixth Circuit Court of Appeals. This Court granted his petition and the defendant is set to be resentenced on October 28, 2005, so that he may legally pursue a direct appeal. He now seeks to have this Court set an appeal bond.

Unlike the pretrial situation where the Government bears the heavy burden of justifying detention by clear and convincing

evidence (see generally, United States v. Salerno, 481 U.S. 739 (1987)), in the post trial application, this heavy burden now rests with the defendant. By enacting the Bail Reform Act, Congress reversed the presumptions. The heavy burden this places on this defendant is aptly stated in United States v. Vance, 851 F.2d 166, 169 (6th Cir. 1988), where the Sixth Circuit quoted the following language of Judge Bue:

> [I]n enacting section 3143 of the Bail Reform Act of 1984, the committee endeavored to eliminate the presumption in favor of bail, and to create a presumption against post conviction release. As stated in the committee report:
>
>> Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law.
>
> S.Rep. No. 225, 98th Cong. 1st Sess. 26 (1983), reprinted in 1984 U.S. Code Cong. and Ad.News 3182, 3209; United States v. Giancola, 754 F.2d 898 (11th Cir. 1985), United States v. Farran, 611 F.Supp. 602, 603 (S.D. Tex. 1985), aff'd without opinion, 784 F.2d 1111 (5th Cir.), cert. denied, 476 U.S. 1144, 106 S.Ct. 2256, 90 L.Ed.2d 701 (1986).

The above arguments are even more applicable here because the defendant has been convicted of a drug offense which mandates the presumption of dangerousness to the community embodied in 18 U.S.C. § 3143(a).

This defendant's first obstacle is to satisfy the "substantial likelihood" test that he has some trial issues that could lead to a reversal or a new trial. While he does not now have to meet the appellate standard for reversal, he still must show at least that he has legal issues that present "close

questions" that could go "either way" on matters that would not be harmless error.  See, United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir. 1985).  Significantly, this defendant in essence must have winning arguments on both counts.  Morison v. United States, 486 U.S. 1306 (1988).  He completely fails at meeting this test since the record of his plea of guilty and his judicial admission of guilt demonstrate no such issues.  Accordingly, his motion must be denied for failure to meet this initial obstacle.

In addition to meeting the "substantial likelihood" test described above, the defendant also must show by "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  18 U.S.C. § 3143(a)(2)(B).  While this is the defendant's burden, the United States notes the following facts which indicate an endangerment to the community:

>   1.  The factual predicates underlying his conviction for drug distribution charges.  The case involved a conspiracy to distribute hundreds of pounds of marijuana into this community.
>
>   2.  Federal Courts have recognized that judges must keep in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." United States v. Hare, 873 F.2d 796, 798-99 (5th Cir. 1989).

The Government contends that the nature of the punishment in and of itself makes this defendant a flight risk.  Additionally, as was recognized in Vance, supra at 169, the concept of "dangerousness" to the community is to be given a broader reading than merely whether a defendant has been guilty of actual physical violence.  The drug distribution crimes have inflicted

great danger and damage on this community.  Protection from this individual is needed and prudence argues for the statutory presumption of continued confinement.

## CONCLUSION

Defendant has satisfied neither of the legal standards necessary for post-conviction release pursuant to 18 U.S.C. § 3143(b).  He should remain in confinement.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-2047
Robert.Brichler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 27th day of October, 2005, electronically on W. Kelly Johnson, Attorney for Defendant Rennick.

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
