```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION


UNITED STATES OF AMERICA     :    CR-1-02-157-3
                             :
                             :
         v.                  :    MOTION TO STRIKE
                             :
                             :
STEVEN RENNICK, SR.          :    Judge Dlott

- - - - - - - - - - - - - - - - - - - - -
```

Now comes the United States Attorney for the Southern District of Ohio and moves this Court for an Order striking the "Formal Objections To Pre-Sentence Report" filed pro se on October 27, 2005.

### Memorandum

The defendant filed a motion to vacate his sentence alleging, among other things, that his right to a direct appeal was violated when the Clerk of Court failed to file a notice of appeal on his behalf when he requested it be done following his sentencing.

Because of the pervasive authority supporting the defendant's motion to vacate on this ground, the United States agreed that his sentence should be vacated so that it could be reimposed allowing him to take a direct appeal to challenge any claimed errors in the record at the time of his sentencing. The Court granted the defendant's motion to vacate his sentence and set out in its order the procedure laid out by the Sixth Circuit in <u>Johnson v. United States</u>, No. 03-3750, 2005WL1606050, at *2 (6th Cir. June 27, 2005). The vacation of the defendant's

sentence is limited for purpose of reimposing the same sentence so that he may take a direct appeal.[1]  See Johnson id. (citing United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000)).

Since the time of the Court's granting the defendant's motion to vacate, numerous pro se filings have been made seeking to reopen and relitigate the sentencing procedures.  In addition, a motion to withdraw his plea of guilty has been made.  The United States requests this Court order stricken from the record or deny all such filings which attempt to alter the record from which the defendant sought to appeal.  The Court's authority according to Johnson, supra, on remand is to resentence the defendant.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney

    s/Robert C. Brichler
    ROBERT C. BRICHLER (0017745)
    Assistant United States Attorney
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio  45202
    (513) 684-3711
    Fax:  (513) 684-2047
    Robert.Brichler @usdoj.gov

---

[1] The United States would agree that the reimposition of the defendant's sentence must take into account the holding in Booker.  Thus, because of Booker, the defendant's sentence must be a reasonable sentence within the statutory minimum of 60 months and maximum 40 years.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 14th day of December, 2005, electronically on W. Kelly Johnson, Attorney for Defendant Rennick.

s/Robert C. Brichler<br>
ROBERT C. BRICHLER (0017745)<br>
Assistant United States Attorney