IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Steven Rennick, Sr., | : | |
| | : | Case No. CR-1-02-157 |
| Petitioner | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | |
| United States of America, | : | OPINION AND ORDER |
| | : | |
| Respondent | : | |

This matter is before the Court on Petitioner Steven Rennick, Sr.'s ("Rennick's") Objection(s) to the Presentence Report (doc. # 213) and Motion to Withdraw Plea of Guilty (doc. #216), the United States' Motion to Strike both documents (doc. #220), and Rennick's Opposition to the United States' Motion to Strike (doc. #222). Rennick has also filed a Motion for Clarification of Status (doc. #219). For the reasons below, the Court **STRIKES** Rennick's Motion to Withdraw Plea of Guilty (doc. #216) in its entirety and also **STRIKES** all but paragraph 13 of Rennick's Objection(s) (doc. #213).

**I.     BACKGROUND**

   **A.     Sentencing Proceedings[1]**

Rennick pleaded guilty to conspiracy to distribute in excess of 100 kilograms of marijuana on August 18, 2003. (Doc. #103.) In late October 2003, the United States probation office completed its presentence report on Rennick. (Doc. #129.) On January 28, 2004, this

---

[1] Most of these facts are already detailed in prior orders. Unfortunately, in light of the above-referenced and largely repetitive motions, the Court is obliged to repeat them here.

Court sentenced Rennick to 63 months' imprisonment and four years' supervised release. (Doc. #188 at 14, 16.) In the three months between entry of the presentence report and his sentencing date, Rennick filed motions for both a downward departure and continuance, but not objections to his presentence report. (See generally docs. ##s 143, 144, 147.)

At Rennick's January 28, 2004 sentencing hearing, his counsel asked the clerk of Court to file a notice of appeal on Rennick's behalf. (Doc. #210 at 1-2.) However, neither the Court nor Rennick's counsel filed a notice before the lapse of the statutory notice deadline in early February 2004. (Id. at 2-3.) In late January and February 2004, Rennick filed motions for reconsideration of his sentence (doc. #149) and withdrawal of his guilty plea (doc. #162), both of which the Court denied. (Doc. #168). On May 28, 2004, following three stays of his surrender date, Rennick began serving his 63-month sentence at the Federal Medical Center in Lexington, Kentucky. (Docs. ##s 165, 171, 179, 183.) On October 13, 2005, pursuant to the Sixth Circuit's decision in Johnson v. United States, No. 03-3750, 2005 WL 1506050 (6th Cir. June 27, 2005), and related authorities, the Court granted Rennick's *pro se* Motion Pursuant to 28 U.S.C. § 2255 Specifically as to Vacating and Reimposing Sentence to Allow Direct Appeal to Proceed[2] (doc. #206) and issued a Writ of Habeas Ad Prosequendum securing Rennick's appearance for resentencing on October 28, 2005. (See generally doc. #210.) When Rennick filed the above-referenced Objections on October 27, 2005, one day before the hearing date and shortly before the Court's planned medical leave, the Court was forced to postpone Rennick's sentencing until

---

[2] In December 2004, before filing his § 2255 motion, Rennick filed a motion to reinstate his direct appeal pursuant to Federal Rule of Appellate Procedure 4(b). The Court determined that this motion was untimely, but entered an order inviting Rennick to petition the Court under § 2255, and attaching the requisite forms. (See docs. ##s 192 and 210 at 3).

January 23, 2006.  (Docs ##s 213, 215, 226.)

     B.     **Current Pleadings**

Rennick's Objections challenge, in part, the application of United States Sentencing Guidelines ("U.S.S.G.") Section 2D1.1(c)(7) at paragraph 53 of his presentence report, which establishes his base offense level.  (Doc. #213 at 4-5 ¶ 13)  Rennick argues that the relevant calculation is "based upon a quantity exceeding 100 kilograms of marijuana which amount has neither been proven before this court beyond a reasonable doubt nor admitted to by the defendant," and thus violates United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004).  (Id.)[3]  Rennick further objects to virtually all references to drug quantities, drug distribution, and possession of drug-tainted assets, as well as to certain characterizations of his mental state and involvement in this and prior crimes.  (See generally doc. #213.)  He also contends that he is factually innocent and that he did not understand the terms or implications of his guilty plea, including the drug quantities for which he could be held liable or the associated maximum and minimum sentences.  (Id.)

Rennick's Motion to Withdraw Guilty Plea (doc. #216) states in substance that Rennick "should be permitted to withdraw his Guilty plea due to the fact that the United States breached the terms of its plea agreement, and because he was denied the effective assistance of counsel when he entered into the plea agreement."  (Doc. #216 at 1.)  It incorporates by reference his previously-filed Motion to Withdraw (doc. #162) and all other filings associated with that Motion or his § 2255 Motion.  (Id.)  Rennick's Motion for Clarification (doc. #219) essentially

---

[3] Rennick contends that the appropriate guideline, absent any proof of drug quantity, is U.S.S.G. § 2D 1.1(a)(3)(c)(17).  (Id.)

restates–in greater factual depth–the assertions in his pending Objection and Motion to Withdraw that his guilty plea was involuntary and/or coerced and that the government breached the terms of its plea agreement. (See doc. #219 at 5-9.)

The United States contends that Rennick's pleadings constitute impermissible attempts to "reopen and relitigate" settled issues and "alter the record from which [Rennick] sought to appeal" after his original sentencing, and urges the Court to strike or deny them. (Doc. #220 at 2.)[4]

## II. ANALYSIS

As the Court's October 2005 Order partially granting Rennick's § 2255 petition makes clear, the Court vacated Rennick's original sentence and scheduled a resentencing for the express and narrow purpose of granting Rennick another opportunity to file a timely notice of appeal. (See doc. #210 at 4-8.) Because Rennick was originally sentenced before the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004), the Court determined that it must consider any specific issues raised by those rulings upon resentencing. (See doc. #210 at 4.) However, the Court expressly declined to reach, and instead dismissed without prejudice, the other substantive claims presented in Rennick's §2255 petition.[5] The Court reasoned that under the current posture of Rennick's case,

---

[4] The United States, citing the Sixth Circuit's Johnson decision, contends that the Court's resentencing authority is limited to "reimposing the same sentence so that [Rennick] may take a direct appeal." (Id. at 2 n. 2) However, the United States also acknowledges that "the reimposition of [Rennick's] sentence must take into account the holding in Booker." (Id.)

[5] Rennick had contended that (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel in matters other than filing of the notice of appeal; (3) the United States breached its plea agreement, and (4) the Court erred by not granting Petitioner's motion for a downward departure. (Id. at 4.)

these substantive objections could be properly considered–if at all–only on direct appeal or any habeas proceedings following that direct appeal. (Id. at 8-9).

In light of the above, Rennick's Motion to Withdraw Guilty Plea (doc. #216) is untimely. As a threshold matter, Rennick has already filed, and the Court denied, a Motion to Withdraw Plea arguing–as here–that the United States has breached its plea agreement. (See doc. #168 at 2.) As the Court explained in its prior denial, issued in March 2004, a district court may not set aside a criminal plea once it has imposed a sentence. (Id.) The Court's October 2005 vacation of Rennick's original sentence cannot alter this conclusion, because–as discussed above–the Court's resentencing authority is so circumscribed.

Most of Rennick's Objections (doc. #213) are also untimely. Because paragraph 13 appears to state a Booker claim that Rennick could not have raised (at least not in Booker terms) at his original January 28, 2004 sentencing, the Court must consider it at Rennick's January 23, 2006 resentencing.[6] (See doc. #213 at 4-5 ¶ 13.) But Rennick's remaining Objections appear to concern arguments that could have been raised on or before Rennick's original sentencing date, and that are–in any event–beyond the substantive scope of the resentencing.

### III.    CONCLUSION

---

[6] The Court notes in passing that the factual assertion underlying this Booker claim is unsupported by the present record. Rennick contends that no "quantity exceeding 100 kilograms of marijuana" was "never proven . . . beyond a reasonable doubt nor admitted to by the defendant." (Doc. #213 at 4 ¶ 13.) At Rennick's August 18, 2003 plea hearing, counsel for the United States stated that Rennick had entered a guilty plea to "count one of the indictment charging him with conspiracy to distribute in excess of 100 kilograms of marijuana," and that "[b]y signing the plea agreement, [Rennick] agrees and *admits to* said involvement." (Sentencing transcript, doc. #145, at 24 (emphasis added).) When asked whether the United States' characterization was consistent with his own understanding of the plea agreement, Rennick responded "Yes, Your Honor." (Id. at 27-28.) The 100-plus kilogram quantity also appears in the text of the agreement, signed by Rennick on August 18, 2003. (See Doc. #104.)

For the reasons above, the Court hereby **STRIKES** all but paragraph 13 of Petitioner's Objection(s) (doc. #213) and also **STRIKES** Petitioner's Motion to Withdraw Plea of Guilty (doc. #216) in its entirety.

IT IS SO ORDERED.


   s/Susan J. Dlott          
Susan J. Dlott
United States District Judge