NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

# United States Court of Appeals
## FOR THE SIXTH CIRCUIT

**FILED**

MAR 1 2 2007

LEONARD GREEN, Clerk

No. 06-3186

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff - Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Southern |
| | * District of Ohio. |
| Steve Rennick, Sr., | * |
| | * |
| Defendant - Appellant. | * |

INFORMATION COPY
MANDATE NOT YET ISSUED
US. CT. # 02-157

Before MOORE, ROGERS, and JOHN R. GIBSON,[1] Circuit Judges.

PER CURIAM.

Steve Rennick, Sr., pro se, appeals his conviction and sentence on a guilty plea to conspiracy to distribute in excess of 100 kilograms of marijuana. He contends that his guilty plea was not voluntary and knowing, he received ineffective assistance of counsel, the sentence violates his constitutional rights, and the government breached the plea agreement. We AFFIRM.

On November 6, 2002, Rennick and several co-defendants were indicted for conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21

---

[1]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(vii), among other charges. At a plea colloquy on August 18, 2003, the district court informed Rennick of his rights, inquired into the voluntariness of his plea, and entered a guilty plea to the conspiracy count. Following his plea, Rennick agreed to be a confidential informant to law enforcement agents and assist in an ongoing investigation. During the time he was awaiting sentencing, Rennick was seriously wounded by gunshots.

Rennick was sentenced on January 28, 2004. At the hearing, he sought a downward departure for substantial assistance based on his activities as a confidential informant. The government refused to move for the downward departure, explaining that it had determined that Rennick had not provided substantial assistance because he failed to follow the agents' instructions. Under the Sentencing Guidelines, the potential sentence for the offense ranged from 60 to 63 months, and the district court sentenced Rennick to 63 months. Rennick objected, claiming that a law enforcement agent had promised him probation in exchange for his service as a confidential informant. In response to the district court's inquiry concerning his appeal rights, Rennick's attorney, William Gallagher, requested that the clerk of court file a notice of appeal on Rennick's behalf immediately after filing the judgment.

According to Rennick, he is innocent, always wanted to go to trial, and pled guilty only after succumbing to a sudden barrage of pressure from Gallagher, two co-defendants, and the prosecutor. The day after he was sentenced, Rennick discharged Gallagher and retained a new attorney.[2] His new counsel filed motions to reconsider

---

[2] In a supplemental letter brief recently filed with this court, Rennick argues that Kenneth L. Lawson II, who replaced Gallagher, is not actually an attorney and, thus, that Rennick's Sixth Amendment right to counsel was violated. Even if Rennick's allegation concerning Lawson is true, however, it is irrelevant to the resolution of the instant appeal, which arises from events (including Rennick's guilty plea and sentencing) that occurred before Lawson entered an appearance on Rennick's behalf. Accordingly, we decline to address the issue.

the sentence and to withdraw the guilty plea, which the district court denied. Neither the clerk of court nor Rennick's new attorney ever filed a notice of appeal of his conviction and sentence. When Rennick eventually learned of this in late 2004, he sought reinstatement of his appeal rights through a motion filed pursuant to 28 U.S.C. § 2255. On January 23, 2006, the district court granted the motion in part and vacated and reimposed Rennick's sentence for the limited purpose of allowing him to pursue this direct appeal. In his section 2255 petition, Rennick also argued that his plea was involuntary, he received ineffective assistance of counsel, the government breached the plea agreement, and he was entitled to a downward departure. The district court dismissed these claims without prejudice as unripe, with the expectation that Rennick will be able to raise the claims in a section 2255 proceeding if he is not successful in this direct appeal.

Rennick first challenges the voluntariness of his plea on several interlinked bases. He argues that he lacked capacity to enter a voluntary and knowing plea because he was suffering from post-traumatic stress disorder, was coerced to plead guilty by various parties, and received ineffective assistance of counsel. We apply a harmless error standard and will vacate Rennick's plea only if the district court did not substantially comply with Rule 11 of the Federal Rules of Criminal Procedure in accepting the plea and that noncompliance affected Rennick's substantial rights. United States v. Valdez, 362 F.3d 903, 908 (6th Cir. 2004).

Before accepting a guilty plea, a district court must advise the defendant of certain rights, address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement), and determine that a factual basis exists for the plea. Fed. R. Crim. P. 11(b). Rennick has not demonstrated any flaw with the district court's compliance with Rule 11. We briefly recount the portions of the colloquy that are most relevant to Rennick's challenge. In assessing Rennick's mental capacity to enter a voluntary and knowing guilty plea, the district court questioned him about

whether he had "ever been treated for any mental illness or addiction to narcotics of any kind," and he informed the court that he was still being treated for post-traumatic stress disorder. The court confirmed that Rennick had not taken "any narcotic drugs or other medicine or pills or consumed any alcoholic beverages" in the 24 hours before the plea colloquy. The court also asked Rennick's attorney whether he had any doubts about Rennick's competency to enter a plea. Similarly, in determining whether Rennick's plea was the product of coercion, the court inquired whether his decision to plead guilty was his "own free and voluntary act," and Rennick said that it was. The district court also asked whether he had been "subjected to any threats or force of any kind" that caused him to plead guilty, and, in response, Rennick denied any such threats or force. He also denied that anyone, including an officer or agent of the government or the lawyers in the case, had promised or suggested that he would receive a lighter sentence if he pled guilty. Rennick responded affirmatively when the court asked whether he believed that his attorney was "fully informed about the facts and circumstances" on which the charges were based and whether he was satisfied with his attorney's advice and representation. The court informed Rennick that he faced a minimum sentence of five years. Thus, the district court fully complied with Rule 11 in accepting the guilty plea, and Rennick is bound by his responses indicating that his plea was knowing and voluntary. See Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986).[3]

Rennick insists that his guilty plea cannot be voluntary under any circumstances because he is actually innocent. At the plea colloquy, Rennick agreed that the government's statement of facts implicating him in the conspiracy was correct and said he wished to plead guilty. Rennick now argues that he wanted to object to

---

[3] An adequate evaluation of Rennick's claim that he was coerced into pleading guilty by the prosecution's offer of a "package plea" cannot be resolved without further factual development. See Cornett v. Lindamood, 203 F. App'x 691 (6th Cir. 2006). Accordingly, that claim is most appropriately raised in a petition filed pursuant to 28 U.S.C. § 2255.

the government's factual statement and assert his innocence, that he made nonverbal gestures to this effect, and that his attorney instructed him to proceed with the guilty plea. To the extent that Rennick suggests that his hesitation during the plea colloquy undermines the factual basis for the plea, Rule 11(f) does not require "strong evidence of actual guilt." United States v. Tunning, 69 F.3d 107, 112 (6th Cir. 1995). Rather, the court must "satisfy it[self] that there is a factual basis for the plea." Id. The government's factual statement, which Rennick confirmed was correct, gave the district court a sufficient factual basis for entering the plea. Moreover, Rennick's statements to the court carry a strong presumption of truthfulness, Blackledge v. Allison, 431 U.S. 63, 74 (1977), and his plea "serves as an admission that he is not innocent of the crimes charged." Luster v. United States, 168 F.3d 913, 916 (6th Cir. 1999). His claim of actual innocence on appeal does not show that his plea was involuntary.

Second, Rennick argues that he received ineffective assistance of counsel in pleading guilty. We ordinarily "will not review a claim of ineffective assistance of counsel on direct appeal because the record is usually insufficient to permit an adequate review of such a claim." United States v. Gardner, 417 F.3d 541, 545 (6th Cir. 2005). That is the case here, where the record contains little evidence that would allow us to assess Gallagher's performance. Of course, Rennick is free to develop a record in support of his ineffective assistance claim in a postconviction proceeding brought pursuant to 28 U.S.C. § 2255. See United States v. Hall, 200 F.3d 962, 965 (6th Cir. 2000).

Third, because Rennick properly objected at his resentencing, this Court reviews the alleged violation of his constitutional rights under United States v. Booker, 543 U.S. 220 (2005), for error. See United States v. Brown, 444 F.3d 519, 521-22 (6th Cir. 2006). Rennick received a 63-month sentence for his conviction for conspiracy involving 100 kilograms or more of marijuana. 21 U.S.C. § 841(b)(1)(B)(vii). He has not argued that his sentence is unreasonable or that the

district court committed Booker error by treating the Sentencing Guidelines as mandatory; indeed, the district court recognized the advisory nature of the Guidelines at his resentencing. Rather, Rennick argues that his sentence violates his Fifth and Sixth Amendment rights because the quantity of marijuana involved in the conspiracy--which triggered a statutory mandatory minimum sentence of 5 years and a Guidelines range of 60 to 63 months--was never proven to a jury beyond a reasonable doubt.

Because Rennick's sentence was authorized solely on the basis of the drug quantity he admitted, it does not violate his constitutional rights. See United States v. Murdock, 398 F.3d 491, 501-02 (6th Cir. 2005) (citing Blakely v. Washington, 542 U.S. 296, 303 (2004), and Booker, 543 U.S. at 244). Rennick's guilty plea to count one of the indictment established the fact that the conspiracy involved "in excess of one hundred (100) kilograms of marijuana." See United States v. Broce, 488 U.S. 563, 570 (1989); United States v. Garcia, 252 F.3d 838, 843-44 (6th Cir. 2001). In addition, at his plea colloquy, he confirmed the accuracy of the government's statement that he had transported "approximately 500 pounds of marijuana," and his plea agreement provided that, by signing it, he admitted his involvement in a conspiracy to distribute "in excess of 100 kilograms of marihuana." Rennick claims that his admissions during the plea process were false and involuntary because they were coerced by his attorney, co-defendants, and the prosecutor. Statements made under oath in response to a judge's questions, however, carry a "strong presumption" of truth. Blackledge, 431 U.S. at 74; see also Baker, 781 F.2d at 90. A defendant is bound by his responses to the district court's inquiries where the district court has scrupulously followed the Rule 11 procedures, as the court did in this case. See Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999). Thus, the district court did not violate Rennick's constitutional rights under Booker by sentencing him in accordance with his own admissions.

Rennick also argues that the district court improperly struck his objections to the presentence report and that it should have ordered a new presentence report for his resentencing. Rennick did not object to the presentence report at his initial sentencing, and a failure to object to the presentence report waives future objections. United States v. Ward, 190 F.3d 483, 492 (6th Cir. 1999). Nor has Rennick pointed to new facts that would justify ordering a new presentence report where the purpose of resentencing was limited to reimposing his sentence so that he could pursue a direct appeal.

Finally, Rennick contends that his sentence should be vacated because the government breached the plea agreement by failing to move for a downward departure for substantial assistance. The plea agreement provided that the government, "in the sole discretion of the United States Attorney," would file a motion for a downward departure if Rennick provided substantial assistance in investigating and prosecuting others. "[W]hen a plea agreement allocates complete discretion to the government to consider whether a substantial assistance motion should be filed, we may only review the government's decision for unconstitutional motives." United States v. Moore, 225 F.3d 637, 641 (6th Cir. 2000). Rennick has not alleged that the government's decision not to move for the departure was based on unconstitutional motives, and we see no evidence of such motives in the record. The government reasonably explained at sentencing that Rennick had not provided substantial assistance because he "would not follow the requests and advice of the agents." Thus, the government did not breach the plea agreement and Rennick is not entitled to vacation of his sentence on that basis.

For the above reasons, we affirm Rennick's conviction and sentence.

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

LEONARD GREEN
CLERK

ROBIN DUNCAN
(513) 564-7027
(FAX) 564-7098
www.ca6.uscourts.gov

Filed: March 12, 2007

Steve Rennick Sr.
Federal Medical Center
04050-032
P.O. Box 14500
Lexington, KY  40512-4500

Benjamin C. Glassman
U.S. Attorney's Office
Southern District of Ohio
221 E. Fourth Street
Suite 400
Cincinnati, OH  45202

RE: 06-3186
    USA vs. Rennick
    District Court No. 02-00157

Dear Counsel:

   Enclosed is a copy of an order which was entered today in the above-styled case.

Very truly yours,
Leonard Green, Clerk

(Ms.) Patricia J. Elder
Senior Case Manager

Enclosure

cc: Honorable Susan J. Dlott
    Mr. James Bonini

```
Mr. James Bonini, Clerk
Southern District of Ohio at Cincinnati
100 E. Fifth Street
Suite 103 Potter Stewart U.S. Courthouse
Cincinnati, OH  45202
```