

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

07 JUN 19 PM 12:45

STEVE RENNICK, SR.,                )
                                    )
    Movant/Defendant,             )
                                    )
vs.                                 )   Case No. CR-1-02-157-3
                                    )
                                    )   Hon. Susan J. Dlott
                                    )
UNITED STATES OF AMERICA,           )   U.S. District Judge
                                    )
    Respondent.                   )

Motion For Disclosure of Grand Jury

Minutes Pursuant to Fed. R. Crim. Proc§6(e)(3)(E)(i)

    Comes the defendant, Steve Rennick, Sr., pro se, and moves this court for an order requiring disclosure of certain grand jury testimony and in support thereof the defendant does state as follows:

    1. The defendant is before the court seeking disclosure of grand jury testimony given against the defendant in the above captioned matter by Case Agent John Mercado, pursuant to Rule 6(e)(3)(E)(i) of Fed. R. Crim. Proc. which rule authorizes disclosure "when so directed by a court preliminarily to, or in connection with, a judicial proceeding."

    2. When making such a request under Rule 6(e)(3)(E)(i), the disclosure is permitted only where; (1) the disclosure is sought either "preliminary to" or "in connection with" a judicial

proceeding, and (2) the party requesting such disclosure has demonstrated a particularized need for the requested Grand Jury materials pursuant to Fed. R. Crim. Proc. §6(e)(3)(E)(i). See e.g., United States v. Sells Engineering, Inc., 463 U.S. 418, 103 S.Ct. 3133 (1983); United States v. Baggot, 463 U.S. 476 (1983); In Re Grand Jury 89-4-72, 932 F.2d 481, 488 (6th Cir.) (stressing the need for the materials must be "compelling,") cert denied, 502 U.S. 958 (1991).

## Relevant Procedural History

3. Defendant previously brought a similiar motion to this [DE-205] during the process of the first §2255 motion which resulted in a vacatur of his sentence and a resentencing for the purpose of providing for a direct appeal. The defendant was resentenced on January 23, 2006, to the identical sentence of 63 months which was handed down at the first sentencing. This prior motion was denied [DE-210].

4. A timely Notice of Appeal was filed on the day of sentencing, January 23, 2006.

5. The appeal was completely briefed and submitted to panel on September 5, 2006.

6. The U.S. Court of Appeals for the Sixth Circuit entered a Per Curiam Opinion affirming defendants conviction and sentence on March 12, 2007.

7. On March 21, 2007 defendant filed a timely Petition for Rehearing and Suggestion for Rehearing En Banc. This petition remains unanswered as of this filing.

8. In Addition to the instant case, the defendant has filed a civil suit in this court against the City of Cincinnati, several members of the Cincinnati Police Department which included the case agent in this instant matter, Officer John Mercado. The civil case, number 1:06-cv-00580-SAS-TSH was docketed September 11, 2006. This information is brought up solely for the purpose of demonstrating a secondary particularized need for the material sought herein, infra.

9. The defendant is presently in the process of investigating and drafting a new motion pursuant to Title 28 U.S.C.C §2255 which motion will be filed upon the Appellate Courts response to defendant's Petition for Rehearing.

### First Prong Preliminary
### or in Connection to Judicial Proceeding

10. Some of the material requested is preliminary to the filing by the defendant of a motion pursuant to Title 28 U.S.C. §2255 which in light of defendant's resentencing and appeal will be and is ripe for consideration as a first timely §2255. The specific need is set forth, infra.

11. Some of the material specifically relates to defendant's civil litigation before a separate judge of the court case number 1:06-cv-00580-SAS-TSH. The specific need is set forth infra.

12. Some of the material sought herein will also pertains to pending civil suit of the defendant against attorney Kenneth L. Lawson case no. 1:06-cv-00593 now pending before another judge of this court. The specific need is set forth infra.

13. Some of the information sought pertains to another civil suit of the defendant against The Provident Bank case no. 1:06-cv-820-MRB-TSB. Moreover, this action further relates to Ohio State forfeiture claims in relation to case no. M0201039, Hamilton County Court of Common Pleas. The specific need is set forth infra.

## Second Prong-Specific Particularized Needs

14. The defendant is investigating and preparing his motion pursuant to Title 28 U.S.C. §2255. In this process the defendant is raising, inter alia, several claims of ineffective assistance of counsel. Prior to his coerced plea of guilty, defendant requested that his counsel investigate several inconsistences in the indictment giving rise to a claim of perjury by case agent John Mercado. These claims dealt with: (1) the quantity of drugs Mercado claimed before the grand jury and why said amount is substantially (500%) more than claimed in documents pertaining to these same allegations when the matter was a state case; (2) whether or not Mercado's testimony as to the vehicles used for alleged marijuana trafficking were consistent with later sworn testimony; (3) whether Mercado's testimony before the grand jury was consistent with the other evidence and statements concerning the defendant's specific role in the offense. Had defense counsel dealt with these matters when requested, there would have been a significant difference in the sentence imposed and a complete miscarriage of justice could have been avoided.

15. On information and belief the defendant avers that during the grand jury proceeding, testimony gave the presumption that the defendant owned the building in which the drugs were found and owned the trucking business Earth Management, Inc. which operated out of the same building. However, both of these claims are false fraudulent in nature and contrary to public record. Once again defense counsel was instructed to investigate and failed to do so which constitutes deficiency of counsel.

16. In defendant's suit against Officer John Mercado the defendant has alleged a number of various charges including, but not limited to, the involvement of Mercado in the attempted murder of the defendant and the cover-up thereof. The fact that the defendant believes the grand jury testimony will reveal perjured testimony giving rise to certain charges against the defendant, this would therefore establish an on going pattern of deception by Mercado from the initial start of the matter.

17. When attorney Lawson signed on as counsel for the defendant he indicated he had been told of certain irregularities concerning the grand jury indictment and he was prepared to prove Mercado deliberately lied and that the U.S. Attorney committed subornation of perjury. At one point in these proceedings Mr. Brichler, on the record, stated, "I've never known Mr. Lawson to lie." At another point Judge Dlott stated, "..In all the years I've known Mr. Lawson he doesn't lie.." Given Lawson's recent revelations of drug abuse (in court) and having a "degree in lying" the defendant feels he should be able to confirm or deny

the alleged perjury Mr. Lawson promised the record would show; which was suppose to include testimony about several uncharged prior felony drug transactions and paid drug running crimes.

18. As set forth infra, there is a documented inconsistent testimony in the defendant's state civil forfeiture case and this material directly impacts on a federal civil suit the defendant has filed against the truck's financing bank, The Provident Bank. Clearly, defendant has a legitimate interest in any testimony concerning the seized truck as set forth infra.

19. The material is being sought also for the specific purpose of establishing fraud on the court and perjury on the part of the government's lead case agent, Cincinnati Detective John Mercado. On February 25, 2005, the defendant appeared in The Court of Common Pleas, Hamilton County, Ohio, before the Honorable Richard A. Bernat in a matter styled, In Re 2001 Freight-Liner/Classic KL-Limited VIN: 1FUPUXZB11PF88771, seized from Steven M. Rennick, Sr.

20. This matter was a seizure by the State of Ohio of the semi-tractor alleged to have been used by the defendant in the commission of the instant offense. At this forfeiture hearing, agent John Mercado was present and testified under subpoena and under oath.

21. Agent Mercado testified, inter alia, that he had never seen any marijuana or any trace evidence of marijuana in said vehicle.

He further stated he had never seen the vehicle on the road and had no knowledge connecting the vehicle to any drugs except for he belief it might have been purchased with proceeds of illegal drug activity. Predicated partially on Agent Mercado's testimony the State ruled there was no evidence of the subject semi-tractor being involved in the commission of the instant offense. The State Court, however, also held that, because of the defendant's plea, and suggestions the truck may have been purchased with drug money, the State ws entitled to forfeiture.

22. The defendant's indictment in the instant case specifically charges that the defendant used said truck to haul large amounts of marijuana from Arizona to Ohio. There is even an allegation that the truck was acquired specifically for the purpose of hauling marijuana. As the indictment is the result of the grand jury's finding, there must be specific testimony in the grand jury findings to authorize the allegation.

23. On information and belief, the defendant alleges that agent John Mercado was the major, grand jury witness. The defendant further alleges that Mercado would, therefore, be the logical source of grand jury testimony upon which the truck involvement came into being. The defendant has a right to show, if possible, that an agent of the government lied regarding specific allegations leading to defendant's indictment. Assuming the defendant is correct, and Mercado did testify to events involving this truck in the offense, then the court is faced with choosing: Was Mercado perjuring himself then, or is he doing so now.

It should be readily obvious that such discovery is relevant to defendant's continuted attack on his plea and conviction.

## Memorandum of Law

In <u>United States v. Protor and Gamble Co.</u>, 356 U.S. 677, 78 (1958) the Supreme Court explained the general policies upon which the rule of secrecy is based: (1) To prevent escape of those who are the subject of the inquiry; (2) to insure the utmost freedom to the grand jury and insure others will not importune the jurors; (3) to prevent subornation of perjury or witness tampering; (4) to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crimes; and (5) to protect the innocent accused who is subject to inquiry, but is ultimately not indicted. <u>Id.</u>, at 681 n.6  See also <u>FDIC v. Ernst and Whinney</u>, 921 F.2d 83, 86 (6th Cir. 1990); <u>In re Grand Jury Proceedings</u>, 851 F.2d 860 (6th Cir. 1988). These general policies, while not important, also are subject to exceptions. In this case the disclosure of this testimony would not breach any of these policies, and can shed valuable insight into what may be a fundamental miscarriage of justice.

In the event that the court does not feel inclined to disclose the specific testimony, then the defendant requests that the court review said testimony in camera to determine if said testimony confirms the allegations set forth by the defendant. Further, if the court feels that the defendant is entitled to some, but not all, of said material, then the defendant prays the court to disclose the portion the defendant may receive that is segregable from the portion he cannot receive.

Defendant requests that such a finding on segregability be made to the standards set forth in Church of Scientology of Col. v. United States, Department of the Army, 611 F.2d 738, 744 (9th Cir. 1979).

In conclusion, the defendant is before the court seeking information that will confirm or deny whether or not the lead agent in this matter was, or is, truthful. It will also provide specific information needed in other pending matters. The defendant has a right to excuplatory evidence and fair due process of law. This request compromised none of the Supreme Court's stated policies on secrecy, nor does it place anyone at undue risk of harm.

The defendant prays this court to enter an order requiring the disclosure of Agent Mercado's grand jury testimony, or in the alternative, that the court review the testimony in camera to determine if such testimony is indeed inconsistent with Mercado's recent testimony. (The transcript of Mercado's recent testimony is attached as exhibit A). The defendant has set forth the precise scope of testimony asked for and the particular reason or need defendant has for such request and further the defendant saith naught.

June 18, 2007

Respectfully Submitted

/s/ Steve Renhick
Steve Renhick, Sr.
Movant/Defendant pro se
Reg# 04050-032 Younity
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512-4500

CERTIFICATE OF SERVICE

I, Steve Rennick, Sr., do hereby certify that the original of this Motion for Grand Jury Minutes was filed with the court clerk identified below and true and correct copy was further sent to the other party or parties identified below by depositing same into the prison legal mail box, postage prepaid, on the 18th day of June, 2007.

*Steve Rennick Sr.*
Steve Rennick, Sr.

Clerk of the Court
U.S. District Court
Southern District of Ohio
100 East Fifth Street
Cincinnati, OH 45202

Robert C. Brichler, AUSA
221 E. 4th Street
Suite 400
Cincinnati, OH 45202