# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>STEVEN M. RENNICK, SR.<br>    Defendant. | Case Nos. 1:02-cr-0157 / 07-cv-594<br><br>Answer to § 2255 Motion<br><br>JUDGE SUSAN J. DLOTT<br><br>CHIEF MAGISTRATE JUDGE<br>MICHAEL R. MERZ |

Pursuant to Rule 5 of the Federal Rules of Appellate Procedure and this Court's order dated August 10, 2007, Plaintiff United States of America files this answer to Defendant Steven M. Rennick's § 2255 motion. Rennick's motion asserts four grounds for relief: first, "Sentence did not fully comply with 18 USC § 3553(a)"; second, "Ineffective Assistance of Counsel"; third, "Defendant's plea was neither voluntary or knowingly entered"; and fourth, "Breach of plea agreement and Ineffectiveness of Counsel by refusing to take advantage of evidentiary hearing on substantial assistance". All of these claims are meritless. The doctrines of law-of-the-case and procedural default, moreover, bar many of them. This answer addresses each in turn.

I.    Sixth Amendment challenge to sentence

Rennick's first collateral claim is that the sentence imposed violates his rights under the Sixth Amendment and that Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). He presented this claim on direct review of his sentence, and the Sixth Circuit rejected it. Because the claim was presented on direct review and decided adversely to Rennick, he should not be permitted to re-litigate the issue collaterally through a § 2255 motion. E.g., Oliver v. United States, 90 F.3d 177, 180 (6th Cir. 1996); Stephan v. United States, 496 F.2d 527, 529 (6th Cir. 1974) (per curiam). To the extent that Rennick is presenting a different constitutional challenge to the sentence than the one that he pressed on direct appeal, his failure to present the claim on direct appeal results in a procedural default of the claim, and he has shown neither the cause nor the prejudice required to excuse the default. Peveler v. United States, 269 F.3d 693, 698 (6th Cir. 2001).

In any event, the claim is meritless. Rennick admitted the relevant drug quantities and was sentenced under an advisory Guideline regime. As the Court of Appeals concluded, "the district court did not violate Rennick's constitutional rights under Booker by sentencing him in accordance with his own admissions." United States v. Rennick, 219 Fed. Appx. 486, 490 (6th Cir. 2007) (per curiam).

2

II. <u>Ineffective assistance claim</u>

Rennick appears to make three arguments in support of his claim that he received ineffective assistance of counsel: that his lawyer had a conflict of interest, that his lawyer failed to advise him regarding the statutory mandatory minimum penalty, and that his lawyer told him that he was entering a "fictional" plea. The first argument lacks merit because Rennick has not even identified, much less produced any evidence to support, an actual or potential conflict of interest that his trial attorney might have had. <u>See generally</u> <u>United States v. Foreman</u>, 323 F.3d 498, 505 (6th Cir. 2003) (rejecting ineffective assistance claim premised on alleged conflict of interest where allegation—that lawyer did not really believe client's alibi—was not actually a conflict).

Rennick's claim that his lawyer failed to apprise him of the mandatory minimum is highly implausible. For one thing, the plea agreement, which Rennick signed, stated the statutory sentencing range, including the mandatory minimum sentence. (Apx 23.)[1] For another, the district judge specifically apprised Rennick during the Rule 11 hearing "that there is a mandatory minimum and that you understand that the sentence is five to 40 years," and Rennick indicated that he

---

[1] Citations herein to "Apx" refer to the two volumes that Rennick filed along with the § 2255 motion.

understood. (Apx. 67.) Rennick, in fact, told the district judge that he understood that the court could impose the maximum penalty of 40 years' imprisonment. (Apx 48.) In light of this colloquy, moreover, even if Rennick's trial counsel had rendered ineffective assistance of counsel by failing to apprise Rennick of the mandatory minimum penalty, Rennick could not show prejudice. E.g., United States v. Chavez, 40 Fed. Appx. 482, 484 (9th Cir. 2002) ("With respect to the ineffective assistance of counsel claim, even assuming that Reyes rendered ineffective assistance of counsel, Defendant cannot show prejudice. Defendant was informed about the mandatory minimum sentence both by the Information filed after the superceding indictment and by the district court at the change of plea hearing.").

The proper Rule 11 colloquy also renders highly implausible Rennick's claim that his lawyer told him that he was entering a "fictional" plea, and the claim is even more implausible because, according to Rennick, the lawyers for both of his co-defendants also told them that they were entering "fictional" pleas. Whether to conduct an evidentiary hearing on a § 2255 motion is matter entrusted to the district court. Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). Given that Rennick's allegations are "highly implausible" in light of the trial record, the Court need not necessarily conduct an evidentiary hearing, see id.

4

at 783; should the Court exercise its discretion to conduct a hearing, the United States anticipates that the testimony would refute Rennick's allegations that his lawyer did not advise him of the mandatory minimum and that his lawyer told him that he was entering a "fictional" plea.

III.   Claim that guilty plea was not knowing or voluntary

Rennick argued on direct appeal that his guilty plea was not knowing or voluntary. The Sixth Circuit decided the issue adversely to him, reasoning that "the district court fully complied with Rule 11 in accepting the guilty plea, and Rennick is bound by his responses indicating that his plea was knowing and voluntary." Rennick, 219 Fed. Appx. at 489. Accordingly, with the one exception discussed below, Rennick should not be permitted to relitigate the validity of his guilty plea collaterally.

That one exception is the aspect of the claim that the Sixth Circuit declined to reach on direct review: "An adequate evaluation of Rennick's claim that he was coerced into pleading guilty by the prosecution's offer of a 'package plea' cannot be resolved without further factual development. See Cornett v. Lindamood, 203 Fed. Appx. 691 (6th Cir. 2006). Accordingly, that claim is most appropriately raised in a petition filed pursuant to 28 U.S.C. § 2255." Rennick, 219 Fed. Appx. at 489 n.3. Because the Sixth Circuit specifically reserved this issue, it may

5

properly be addressed in the instant proceeding.

Though it may be addressed, Rennick's "package plea" claim lacks merit. Courts have explained that so-called "package pleas," in which part of the consideration for a defendant's guilty plea is favorable treatment in a third party's criminal matter, may be coercive where, for example, they are improperly undisclosed in the plea agreement or to the court, or where the prosecutor knows that the threat of criminal sanctions against the third party is unjustified. See United States v. Spilmon, 454 F.3d 657, 658-59 (7th Cir. 2006) (Posner, J.) (surveying authorities). In this case, however, Rennick has not even alleged, much less come forward with any evidence, that his plea was a "package plea." Rather, he points to the transcript of co-defendant Elliot's sentencing, during which the prosecutor agreed that Elliot was entitled to a 5K1.1 motion for substantial assistance due to Elliot's convincing the other defendants not to proceed to trial. (Apx at 153.) This does not show that Rennick's own plea agreement included any terms that were not disclosed in the filed document. Nor, for that matter, did Rennick's plea agreement include as consideration that the government would forego criminal sanctions against a third party where the prosecutor knew that such sanctions would be unjustified; indeed, Rennick's plea agreement did not include as consideration any action by the government regarding any party other

than Rennick. Accordingly, the only aspect of Rennick's challenge to his guilty plea that may properly be litigated in this collateral proceeding lacks any basis.

IV. <u>Claim that the government breached the plea agreement</u>

Rennick's fourth claim for relief concerns the provision in his plea agreement providing that the government—"in the sole discretion of the United States Attorney for the Southern District of Ohio" (Apx 24)—would file a motion for a downward departure if Rennick provided substantial assistance. First, he argues that the government breached the agreement by refusing to move for a downward departure. The Sixth Circuit rejected this claim on direct review, 219 Fed. Appx. at 490-91, and so there is no reason to relitigate it collaterally (if such a claim is even cognizable in a § 2255 proceeding).

Second, Rennick suggests that his trial counsel was ineffective in failing to request a hearing regarding his substantial assistance. His lawyer could not have been ineffective for this reason, however, because the plea agreement reserved to the United States Attorney for the Southern District of Ohio sole discretion whether to file the motion. Whether Rennick's lawyer requested a hearing or not, therefore, neither Rennick's lawyer nor the district court could have forced the government to file the motion. His suggestion of ineffective assistance on this basis thus fails.

7

## CONCLUSION

All of the claims in Rennick's § 2255 motion lack merit, and most are barred by the determinations of the Sixth Circuit in his direct appeal. The United States defers to the Court's discretion regarding the need to conduct an evidentiary hearing on Rennick's highly implausible ineffective-assistance-of-counsel arguments.

                        Respectfully submitted,

                        GREGORY G. LOCKHART
                        United States Attorney

                        s/ Benjamin C. Glassman
                        BENJAMIN C. GLASSMAN
                        Assistant United States Attorney
                        221 East Fourth Street, Suite 400
                        Cincinnati, Ohio 45202
                        (513) 684-3711; Fax: (513) 684-6385
                        Benjamin.Glassman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to § 2255 Motion was filed with the Court's CM/ECF System this 30th day of August, 2007. In addition, a copy of the same was sent by regular U.S. mail, postage prepaid, this same date, to the following:

Steve Rennick, Sr.
#04050-032
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

                                        s/ Benjamin C. Glassman
                                        BENJAMIN C. GLASSMAN
                                        Assistant United States Attorney