IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO: 1:02:CR-157 |
| Plaintiff | : | District Judge Dlott |
| - vs - | : | chief magistrate judge Michael R. Merz |
| STEVEN RENNICK, SENIOR | : | |
| Defendant | : | |

———————————————

DEFENDANT'S REPLY MEMORANDUM
———————————————

Comes now the Defendant and files his Reply to the Government's Response (Doc. 291) to his Post-Evidentiary Hearing Memorandum (Doc. 290) demonstrating again the ineffectiveness of his counsel and the prejudice that he suffered all in support of his collateral attack of his sentence pursuant to 28 U.S.C. §2255.

## **MEMORANDUM**

One has to wonder whether counsel for both sides attended the same evidentiary hearing after reading the government's response. The government argues in its response: "Rennick has not established even that his was a package plea, much less that he was unduly coerced into pleading guilty by its existence" (Doc. 291 at p. 8).

The evidentiary hearing attended by Defendant's counsel established:

> It was presented to me on the day of trial that any plea agreement was going to be entered into only if all three defendants entered a plea.

(EHT at p. 226-227).

> Earlier on prior to sitting down for trial, it was, it was pitched to defense counsel this was a package deal. All three of you plead or all three of you go to trial…

(EHT at p. 22).

It had to be all or nothing

(EHT at p. 138)

When trial counsel was asked by government counsel at the evidentiary hearing: "Let's say they entered the plea as happened and sometime down the road one of the others withdrew their plea. Would Mr. Rennick have been entitled to withdraw his plea on the basis that somebody else withdrew their plea?" counsel asserted that Rennick would have, "I'd certainly attempt to make it [that argument". (EHT at p. 280). Unquestionably there was a package deal in this case.

The government is correct that the favorable terms provided to Elliot (i.e. a lesser sentence to him upon his successful pressuring of Rennick to complete the package), should have been disclosed at the Rule 11 colloquy[1]—especially in light of the fact that the Court engaged in the Rule 11 colloquy with all Defendants at the same time.

Of course Rennick's plea agreement does not contain lenient treatment to Elliot on its face (Doc. 291 at p. 8), that is one of the reasons this court corrects, vacates or sets aside Defendant Rennick's sentence pursuant to 28 U.S.C. §2255. The undisclosed benefit to Elliot, used by the government to put the bow on the package deal during the unsupervised contacts between himself and Defendant Rennick on the morning of trial, is one example of the ineffectiveness of Defendant's counsel since Defendant's counsel knew about the lenient treatment and the necessity of the package deal. (See, Doc. 290 at pgs. 15-16).

---

[1] See, *United States v. Spilman,* 454 F.3d 657, 657 (7th Cir. 2006); *United States v. Usher,* 703 F.2d 956, 958 (6th Cir. 1983).

To bolster Defense counsel Gallagher's performance, the government cites this court to three instances in the record of the evidentiary hearing (pages 231, 236 and 254) where its says the record proves that Defendant's counsel William Gallagher "discussed the presentence report before the sentencing hearing" (See Doc. 291 at p. 3).

Nothing on pages 231 and 236 support the government's assertion causing one to again wonder whether counsel attended the same evidentiary hearing.

Although page 254 does indeed contain testimony that the presentence report was reviewed between counsel and Defendant Rennick, the longer the questioning went, the less convincing the testimony became. For instance, Defendant's counsel spoke only in generic terms about what he usually did, and had no specific recollection of the process used in this case (EHT at p. 254), even to the extent of whether there was a face-to-face meeting to discuss the pre-sentence report.

The testimony at page 254 however does enlighten the court as to another reason why the Defendant's sentence should be vacated: the hospitalization of Defendant Rennick prior to the plea.

Defense counsel admitted that he had received 280 pages of Defendant's medical records, admitted that he he knew that Defendant was hospitalized after he got out on bond because "he was having some mental health issues" (EHT p. 254-255) was hospitalized at the Veterans Administration hospital (Id.), was on medication (EHT at p, 255), knew of the traumatic incidents that had occurred in the Defendant's life (EHT pgs. 256-257) that his mental health was "fragile" (EHT at p. 258) and that Defendant was deeply concerned about the results of the trial to Elliot and Benjamin (EHT p. 234; ) yet allowed Defendant Elliot unsupervised contact with the fragile Defendant, at least twice

as the deals changed (EHT p. 75-77; 147), knowing that Elliot would only benefit, if Rennick changed from being adamant about going to trial, and accepted a plea. These actions are objectively unreasonable.

Finally the government states that Defendant has not shown prejudice from the objectively unreasonable actions of Rennick's defense counsel. Surely the government is not ignoring a sixty-three month sentence spent by this Defendant when his counsel told him that his plea was "fictional", where it was understood that the evidence in the possession of the government was weak at best (Doc. 290 at p. 6-8), where Rennick was told that he would receive a sentence of thirty-six months[2](EHT 147; 139; 140).

The Defendant has sustained his burden. Nothing in the Government's response should dissuade this court from vacating the Defendant's sentence pursuant to 28 U.S.C. §2255 on the basis of ineffective assistance of counsel in the plea process.

Respectfully submitted:

S/:Lawrence J. Greger
Attorney at Law 0002592
Suite 1100 Liberty Tower
120 W. Second Street
Dayton, OH 45402
(937) 223-3153

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply was sent to Mr. Benjamin C. Glassman, Assistant United States Attorney, by filing same with the court's CM/ECF system.

S/:Lawrence J. Greger

---

[2] Since this happened in the one-on-one conversations between Elliot and Rennick all the more reason to criticize Defendant's counsel for permitting the unsupervised contacts where false information was relayed.